# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF TENNESSEE
## AT CHATTANOOGA

| | | |
|---|---|---|
| A.T., A MINOR STUDENT, BY AND THROUGH HER PARENTS AND NEXT FRIENDS, B.G. AND J.G., AND B.G. AND J.G., INDIVIDUALLY | ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | No. 1:22-CV-00110-TAV-SKL |
| CLEVELAND CITY SCHOOLS BOARD OF EDUCATION, ET. AL | ) ) ) | JURY DEMANDED |
| Defendants. | ) ) | |

## DEFENDANTS' PROPOSED SPECIAL JURY INSTRUCTIONS

COME Defendants, Cleveland City Schools Board of Education ("CCSBE"), Cleveland Middle School ("CMS")[1], Leneda Laing, in both her official and individual capacity as Principal of Cleveland Middle School, Stephanie Pirkle, in both her official and individual capacity as Vice-Principal of Cleveland Middle School, Lauren Lastoria, in both her official and individual capacity as the 6th grade guidance counselor at Cleveland Middle School, Terry Esquiance[2], in both her official and individual capacity as A.T.'s homeroom teacher, Ashely Keith, in both her official and individual capacity as A.T.'s math teacher, and Matthew Ingram, in both his official and individual capacity as the seventh grade Vice Principal (collectively, the "Defendants"), by and through undersigned counsel, and hereby submit their proposed special requests for jury instructions pursuant to the Scheduling Order entered in this matter [Doc. 13] as follows:

---

[1] CMS is not a proper party to this action, given that it is operated and maintained by the CCSBE. Thus, the real party in interest in this matter is CCSBE, not CMS. Fed. R. Civ. P. 17.

[2] Plaintiffs incorrectly identified Ms. Terry Esquiance as Ms. Terry Esquiance in the caption of this Complaint. [*See* Doc. 21]. The real party of interest pursuant to FRCP 17 is Ms. Terry Esquinance and not "Terry Esquiance.

<u>**Special Instruction No. 1**</u>

<u>**Title IX**</u>

Title IX of the Education Amendments Act of 1972 provides:

    "No person in the United States shall, on the basis of sex, be excluded from participation in, be denied the benefits of, or be subject to discrimination under any education program or activity receiving Federal financial assistance."

Source: 3C Fed. Jury Prac. & Instr. § 177:10 (6th ed.).

**Special Instruction No. 2**

**Title IX Student-on-Student "After" Claim**

Plaintiff A.T. claims that she was sexually harassed by another student, J.B., at school.

To prove a Title IX student-on-student "after" claim, Plaintiff A.T. must prove, by a preponderance of the evidence, that:

1. A.T. was subjected to harassment because of her sex by the intentional conduct of another student consisting of conduct of a sexual nature; and

2. this alleged conduct was so severe and pervasive, and offensive to a reasonable person of the same sex that it effectively deprived A.T. of equal access to the educational opportunities or benefits provided by Defendant Cleveland City Schools Board of Education ("CCSBE"); and

3. CCSBE had actual knowledge of the alleged sexual harassment described above; and

4. CCSBE acted with deliberate indifference to the known acts of sexual harassment; and

5. CCSBE's deliberate indifference to known acts of sexual harassment caused A.T. to experience further harassment because of her sex by the intentional conduct of other students consisting of conduct of a sexual nature.

If any of these elements have not been proven by the preponderance of the evidence, your verdict must be for CCSBE on this claim.

Source: 3C Fed. Jury Prac. & Instr. § 177:21 (6th ed.); *S.C. v. Metro. Gov't of Nashville & Davidson Cnty,*, 86 F.4th 707, 715 (6th Cir. 2023).

## Special Instruction No. 3

## Severe

In determining whether Plaintiff A.T. can prove, by a preponderance of the evidence, a Title IX "After" claim, you must determine whether the sexual harassment alleged by A.T. was severe.

"Severe" sexual harassment means something more than just juvenile behavior among students, even behavior that is antagonistic, non-consensual, and crass. Simple acts of teasing and name-calling among school children, even where these comments target differences in gender, are not considered severe.

Source: *Kollaritsch v. Michigan State Univ. Bd. of Trustees*, 944 F.3d 613, 620 (6th Cir. 2019); *Davis v. Monroe Cty. Bd. of Educ.*, 526 U.S. 629, 651-52, 119 S.Ct. 1661, 1675, 143 L.Ed.2d 839 (1999).

## Special Request No. 4

## Pervasive

In determining whether Plaintiff A.T. can prove, by a preponderance of the evidence, a Title IX "After" claim, you must determine whether the sexual harassment alleged by A.T. was pervasive.

Pervasive means systemic or widespread. It also means multiple incidents of sexual harassment; one incident of sexual harassment is not enough.

Source: *Kollaritsch v. Michigan State Univ. Bd. of Trustees*, 944 F.3d 613, 620-21(6th Cir. 2019).

## Special Request No. 5

## Reasonable Person

In determining whether Plaintiff A.T. can prove, by a preponderance of the evidence, a Title IX "After" claim, you must determine whether the sexual harassment alleged by A.T. would have been offensive to a reasonable person of the same sex, not merely offensive to A.T. personally or subjectively.

This is an objective standard and requires you to look at the evidence from the perspective of a reasonable person's reaction to a similar environment under similar circumstances. You cannot view the evidence from the perspective of an overly sensitive person. Instead, you must consider the total circumstances, including the surrounding circumstances, expectations, and relationships, including the ages of the students involved, and determine whether the alleged harassing behavior could be objectively classified as the kind of behavior that would seriously affect a reasonable person.

Source: 3C Fed. Jury Prac. & Instr. § 177:34 (6th ed.); *Kollaritsch v. Michigan State Univ. Bd. of Trustees*, 944 F.3d 613, 621 (6th Cir. 2019).

**Special Request No. 6**

**Deliberate Indifference**

"Deliberate indifference" means that the defendant's response to the alleged sexual harassment or lack of response was clearly unreasonable in light of all the known circumstances. When assessing whether a school was deliberately indifferent to a report of harassment, court's ask "not whether the school's efforts were ineffective, but whether they amounted to 'an official decision . . . not to remedy the violation.'" A school's deliberate indifference causes further harassment when the harassment "would not have happened but for the clear unreasonableness of the school's response."

Source: 3C Fed. Jury Prac. & Instr. § 177:35 (6th ed.); *S.C. v. Metro. Gov't of Nashville*, 86 F.4th 707, 716 (6th Cir. 2023) (quoting *Foster v. Bd. of Regents of the Univ. of Mich.*, 982 F.3d 960, 968 (6th Cir. 2020)); *Kollaritsch v. Mich State Univ. Bd. of Trs.*, 944 F.3d 613, 622 (6th Cir. 2019).

## Special Request No. 7

## Actual Knowledge

An educational institution has "actual knowledge" if it knows the underlying facts, indicating sufficiently substantial danger to students, and was therefore aware of the danger.

An educational institution has "actual notice," sometimes called "actual knowledge" of discrimination based on sex, if an appropriate person at the institution has knowledge of facts sufficiently indicating substantial danger to a student so that the institution can reasonably be said to be aware of the danger.

Source: 3C Fed. Jury Prac. & Instr. § 177:36 (6th ed.).

**Special Request No. 8**

**Title IX Retaliation**

Plaintiff A.T. claims Defendant Cleveland City Schools Board of Education ("CCSBE") retaliated against her for reporting the alleged harassment against her by J.B, in violation of Title IX.

To establish a claim of retaliation, A.T. must prove by a preponderance of the evidence that:

1. Plaintiff A.T. reported the alleged harassment of J.B. to CCSBE;

2. CCSBE took an adverse school-related action against A.T.; and

3. CCSBE would not have taken the adverse school-related action against A.T. but for A.T. reporting the alleged harassment of J.B.

If any of these elements have not been proven by the preponderance of the evidence, your verdict must be for CCSBE on this claim.

Source: *Doe v. Belmont Univ*., 367 F.Supp.3d 732, 755-56 (M.D. Tenn. 2019); 9th Cir. Pattern Jury Instructions § 10.8

**Special Request No. 9**

**Adverse School-Related Action**

For an educational action to qualify as "adverse," it must be sufficiently severe to dissuade a reasonable person from engaging in the protected activity.

Examples of sufficiently severe adverse educational actions include suspensions, in-class punishment, placement in a different class against the student's will, and denying enrollment in a class desired by the student.

Source: *Godon v. Traverse City Area Pub. Schs.*, 686 F. App'x 315, 320 (6th Cir. 2017); *Doe v. Univ. of Kentucky*, No. 5:15-cv-296-JMH, 2022 WL 9408672 at *4 (E.D. Ky. Oct. 14, 2022).

**Special Request No. 10**

**Federal Civil Rights Claim Pursuant to 42 U.S.C. § 1983**

Plaintiff A.T. is asserting Constitutional claims in this matter pursuant to 42. U.S.C. § 1983, which provides:

> "Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . , subjects, or causes to be subjected, any . . . person . . . to the deprivation of any rights . . . secured by the Constitution and laws [of the United States], shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . .."

To succeed on a claim brought pursuant to 42 U.S.C. § 1983, A.T. must show:

1. That she was deprived of a right secured by the Constitution or laws of the United States; and

2. That the deprivation was caused by a person acting under color of law.

If you find that any of the essential elements of Plaintiffs' § 1983 claims have not been proven by a preponderance of the evidence, then you must return a verdict for the Defendants.

Source: *Robertson v. Lucas*, 753 F.3d 606, 614 (6th Cir. 2014); 42 U.S.C. § 1983.

**Special Request No. 11**

**Under Color of State Law**

Acts are done "under color of state law," not only when state officials act within the bounds or limits of their lawful authority, but also when such officers act without and beyond the bounds of their lawful authority. The phrase "under color of state law," includes acts done under color of any state law, or county or municipal ordinance, or any regulation issued thereunder, or any state or local custom.

In order for unlawful acts of an official to be done "under color of any law," the unlawful acts must be done while the official is purporting or pretending to act in the performance of the official's official duties. The unlawful acts must consist of an abuse or misuse of power possessed by the official only because the person is an official. The unlawful acts must be of such a nature, and be committed under such circumstances, that they would not have occurred but for the fact that the person committing them was an official, purporting to exercise official powers.

Source: 3C Fed. Jury Prac. & Instr. § 165:40 (6th ed.).

## Special Request No.  12

## Fourteenth Amendment Special Relationship Substantive Due Process Claim

The purpose of the Fourteenth Amendment's Due Process Clause is "to protect people from the State, not to ensure that the State protect[s] them from each other." Generally, the government has no obligation to protect the life, liberty, or property of its citizens against invasion by private actors because the Due Process Clause of the United States Constitution does not create an affirmative right to governmental aid. However, the government must protect the life, liberty, or property of a citizen if it enters into a special relationship with an individual by taking that person into its custody.

Courts have consistently rejected the existence of a special relationship between school officials and students based on compulsory attendance laws or the school's knowledge of a student's vulnerability, which means that Plaintiff A.T.'s status as a student at Cleveland Middle School cannot be the basis for a special relationship between A.T. and the individual defendant(s) wherein the individual defendant(s) owe her a duty of care.

In order to prove that the individual Defendant[s], or Leneda Laing, Stephanie Pirkle, Lauren Lastoria, Terry Esquinance, Ashley Keith, and/or Matthew Ingram, deprived A.T. of her Fourteenth Amendment Substantive Due Process rights based upon a special relationship, Plaintiff A.T. must prove the following additional elements by a preponderance of the evidence:

1. the individual Defendant(s) entered into a special relationship with A.T., separate from A.T.'s status as a student at Cleveland Middle School, which limited A.T.'s freedom to act on her own behalf; and

2. the limitations on A.T.'s freedom to act on her own behalf as a result of the special relationship created or increased the risk of harm to A.T.

If either of the above elements has not been proven by the preponderance of the evidence, your verdict must be for the individual Defendants.

Plaintiff A.T. also claims that Defendant Cleveland City Schools Board of Education ("CCSBE"), which employed the individual Defendants, violated A.T.'s Fourteenth Amendment Substantive Due Process rights based upon a special relationship theory. This type of claim is called a *Monell* claim, whereby governmental entities such as CCSBE may be liable when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury. You should consider whether CCSBE is liable only if you find that the individual Defendant(s) violated A.T.'s Fourteenth Amendment Special Relationship Substantive Due Process rights.

CCSBE is not liable for violating A.T.'s Fourteenth Amendment Special Relationship Substantive Due Process rights simply because it employed the individual Defendant(s). Rather, CCSBE is liable only if A.T. proves that an official policy or custom of CCSBE directly caused her injuries. Put another way, CCSBE is liable only if its official policy or custom was the moving force behind A.T.'s injuries.

An "official policy or custom" means:

 (a) a Rule or regulation created, adopted, or ratified by CCSBE; or

(b) a policy statement or decision made by CCSBE's policy-maker(s); or

(c) a practice or course of conduct that is so widespread that it has acquired the force of law – even if the practice has not been formally approved.

You may find that an "official policy or custom" existed if there was a practice that was so persistent, widespread, or repetitious that CCSBE's policy-maker(s) knew of it or should have known of it.

CCSBE's policy makers(s) are members of the Cleveland City Schools Board of Education, not administrators, principals, vice principals, teachers, or other school officials employed by CCSBE.

Source: *Stiles v. Grainger County, Tenn*., 819 F.3d 834, 853-54 (6th Cir. 2016); 11th Cir. Pattern Jury Instructions § 5.10; *Monell v. Dep't of Soc. Servs*., 436 U.S. 658, 694, 98 S.Ct. 2018, 2037-38, 56 L.Ed.2d 611(1978).

**Special Request No. 13**

**Fourteenth Amendment State-Created Danger Substantive Due Process Claim**

Under the Fourteenth Amendment, a person has the constitutional right to be free from a government employee affirmatively placing that person in a position of actual, particularized danger (or in a situation of actual, particularized danger that is more dangerous than the position that the person already faced) if the government employee knew or should have known that her action(s) specifically endangered the plaintiff.

In order to prove that the individual Defendant[s], or Leneda Laing, Stephanie Pirkle, Lauren Lastoria, Terry Esquinance, Ashley Keith, and/or Matthew Ingram, deprived A.T. of this Fourteenth Amendment right, Plaintiff A.T. must prove the following additional elements by a preponderance of the evidence:

1. the individual Defendant(s) committed an affirmative act;

2. the affirmative act placed either created or increased the risk that A.T. would be exposed to an act of violence by a private, non-governmental third party;

3. the affirmative act placed A.T. specifically at risk, as distinguished from a risk that affects the public at large; and

3. the individual Defendant(s) knew or should have known that her actions specifically endangered A.T.

In relation to the first element, "failing to punish or insufficiently punishing assailants is generally not an affirmative act, and even where it is, it typically does not create or increase the plaintiff's risk of harm. Likewise, ignoring a dangerous situation is usually not an affirmative act and usually cannot increase a preexisting danger. Even affirmatively returning a victim to a preexisting situation of danger does not create or increase the victim's risk of harm.

If either of the above elements has not been proven by the preponderance of the evidence, your verdict must be for the individual Defendants.

Plaintiff A.T. also claims that Defendant Cleveland City Schools Board of Education ("CCSBE"), which employed the individual Defendants, violated A.T.'s Fourteenth Amendment Substantive Due Process rights based upon a state-created danger theory. This type of claim is called a *Monell* claim, whereby governmental entities such as CCSBE may be liable when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury. You should consider whether CCSBE is liable only if you find that the individual Defendant(s) violated A.T.'s Fourteenth Amendment State-Created Danger Substantive Due Process rights.

CCSBE is not liable for violating A.T.'s Fourteenth Amendment State-Created Danger Substantive Due Process rights simply because it employed the individual Defendant(s). Rather, CCSBE is liable only if A.T. proves that an official policy or custom of CCSBE directly caused her injuries. Put another way, CCSBE is liable only if its official policy or custom was the moving force behind A.T.'s injuries.

An "official policy or custom" means:

 (a) a Rule or regulation created, adopted, or ratified by CCSBE; or

(b) a policy statement or decision made by CCSBE's policy-maker(s); or

(c) a practice or course of conduct that is so widespread that it has acquired the force of law – even if the practice has not been formally approved.

You may find that an "official policy or custom" existed if there was a practice that was so persistent, widespread, or repetitious that CCSBE's policy-maker(s) knew of it or should have known of it.

CCSBE's policy makers(s) are members of the Cleveland City Schools Board of Education, not administrators, principals, vice principals, teachers, or other school officials employed by CCSBE.

Source: *Kallstrom v. City of Columbus*, 136 F.3d 1055, 1066 (6th Cir. 1998); *Cartwright v. City of Marine City*, 336 F.3d 487, 493 (6th Cir. 2003); *Stiles v. Grainger County, Tenn*., 819 F.3d 834, 853 (6th Cir. 2016); 11th Cir. Pattern Jury Instructions § 5.10; *Monell v. Dep't of Soc. Servs*., 436 U.S. 658, 694, 98 S.Ct. 2018, 2037-38, 56 L.Ed.2d 611(1978).

**<u>Special Request No. 14</u>**

**<u>Fourteenth Amendment Disparate Treatment Equal Protection Claim</u>**

One of the Constitutional Claims brought pursuant to 42 U.S.C. § 1983 by Plaintiff A.T. is a Fourteenth Amendment Disparate Treatment Equal Protection Claim. To succeed on this claim, A.T. must prove, by a preponderance of the evidence, that:

1. A.T. was subjected to discriminatory peer-based harassment based on her status as a female; and

2. The individual Defendant(s), or Leneda Laing, Stephanie Pirkle, Lauren Lastoria, Terry Esquinance, Ashley Keith, and/or Matthew Ingram, intentionally discriminated against A.T. by responding to her complaints of sexual harassment differently than they responded to male students' similar complaints.

If either of the above elements has not been proven by the preponderance of the evidence, your verdict must be for the individual Defendants.

Plaintiff A.T. also claims that Defendant Cleveland City Schools Board of Education ("CCSBE"), which employed the individual Defendants, violated A.T.'s Fourteenth Amendment Equal Protection rights based upon a disparate treatment theory. This type of claim is called a *Monell* claim, whereby governmental entities such as CCSBE may be liable when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury. You should consider whether CCSBE is liable only if you find that the individual Defendant(s) violated A.T.'s Fourteenth Amendment Disparate Treatment Equal Protection rights.

CCSBE is not liable for violating A.T.'s Fourteenth Amendment Disparate Treatment Equal Protection rights simply because it employed the individual Defendant(s). Rather, CCSBE is liable

only if A.T. proves that an official policy or custom of CCSBE directly caused her injuries. Put another way, CCSBE is liable only if its official policy or custom was the moving force behind A.T.'s injuries.

An "official policy or custom" means:

 (a) a Rule or regulation created, adopted, or ratified by CCSBE; or

(b) a policy statement or decision made by CCSBE's policy-maker(s); or

(c) a practice or course of conduct that is so widespread that it has acquired the force of law – even if the practice has not been formally approved.

You may find that an "official policy or custom" existed if there was a practice that was so persistent, widespread, or repetitious that CCSBE's policy-maker(s) knew of it or should have known of it.

CCSBE's policy makers(s) are members of the Cleveland City Schools Board of Education, not administrators, principals, vice principals, teachers, or other school officials employed by CCSBE.

Source: *Stiles v. Grainger County, Tenn*., 819 F.3d 834, 851-52 (6th Cir. 2016); 11th Cir. Pattern Jury Instructions § 5.10; *Monell v. Dep't of Soc. Servs*., 436 U.S. 658, 694, 98 S.Ct. 2018, 2037-38, 56 L.Ed.2d 611(1978).

**<u>Special Request No. 15</u>**

**<u>Fourteenth Amendment Deliberate Indifference Equal Protection Claim</u>**

Another of the Constitutional Claims brought pursuant to 42 U.S.C. § 1983 by Plaintiff A.T. is a Fourteenth Amendment Deliberate Indifference Equal Protection Claim. To succeed on this claim, A.T. must prove, by a preponderance of the evidence, that:

1. she was subjected to discriminatory peer-based harassment based on her status as a female; and

2. the individual Defendant(s), or Leneda Laing, Stephanie Pirkle, Lauren Lastoria, Terry Esquinance, Ashley Keith, and/or Matthew Ingram, responded to the harassment with deliberate indifference.

The standard for deliberate indifference under equal protection is substantially the same as it is under Title IX. Therefore, you should refer to the "Deliberate Indifference" instruction included with these Jury Instructions when determining whether Plaintiff A.T. has proven by a preponderance of the evidence that the individual Defendant(s) responded to the alleged discriminatory peer-based harassment based on A.T.'s status as a female with deliberate indifference.

If either of the above elements has not been proven by the preponderance of the evidence, your verdict must be for the individual Defendants.

Plaintiff A.T. also claims that Defendant Cleveland City Schools Board of Education ("CCSBE"), which employed the individual Defendants, violated A.T.'s Fourteenth Amendment Equal Protection rights based upon a deliberate indifference theory. This type of claim is called a *Monell* claim, whereby governmental entities such as CCSBE may be liable when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts

may fairly be said to represent official policy, inflicts the injury. You should consider whether CCSBE is liable only if you find that the individual Defendant(s) violated A.T.'s Fourteenth Amendment Deliberate Indifference Equal Protection rights.

CCSBE is not liable for violating A.T.'s Fourteenth Amendment Disparate Treatment Equal Protection rights simply because it employed the individual Defendant(s). Rather, CCSBE is liable only if A.T. proves that an official policy or custom of CCSBE directly caused her injuries. Put another way, CCSBE is liable only if its official policy or custom was the moving force behind A.T.'s injuries.

An "official policy or custom" means:

(a) a Rule or regulation created, adopted, or ratified by CCSBE; or

(b) a policy statement or decision made by CCSBE's policy-maker(s); or

(c) a practice or course of conduct that is so widespread that it has acquired the force of law – even if the practice has not been formally approved.

You may find that an "official policy or custom" existed if there was a practice that was so persistent, widespread, or repetitious that CCSBE's policy-maker(s) knew of it or should have known of it.

CCSBE's policy makers(s) are members of the Cleveland City Schools Board of Education, not administrators, principals, vice principals, teachers, or other school officials employed by CCSBE.


Source: *Stiles v. Grainger Cnty.*, 819 F.3d 834, 852 (6th Cir. 2016); 11th Cir. Pattern Jury Instructions § 5.10; *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694, 98 S.Ct. 2018, 2037-38, 56 L.Ed.2d 611(1978).

## Special Request No.  16

## Fourteenth Amendment Failure to Train Claim

Plaintiff A.T. alleges that her Fourteenth Amendment Substantive Due Process and/or Equal Protection injuries were caused by Defendant Cleveland City Schools Board of Education's ("CCSBE") failure to properly train its staff and that this alleged failure can be considered to be the official policy of Defendant. This type of claim is called a *Monell* claim, whereby governmental entities such as Defendant may be liable when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury.

To succeed on a *Monell* Fourteenth Amendment Failure to Train claim, Plaintiff must prove, by a preponderance of the evidence, that:

1. Defendant CCSBE's training program was inadequate to train its staff and employees to carry out their duties, and

2. The need for more training or different training is so obvious, and inadequacy so likely to result in the violation of constitutional rights, that the policy makers of Defendant CCSBE can reasonably said to have been deliberately indifferent to the need for such training; and

3. The failure of Defendant to provide proper training was the cause of A.T.'s Fourteenth Amendment Substantive Due Process and/or Equal Protection injury.

If either of the above elements has not been proven by the preponderance of the evidence, your verdict must be for Defendant CCSBE.


Source: *See* 3C Fed. Jury Prac. & Instr. § 165:27 (6th ed.); *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694, 98 S.Ct. 2018, 2037-38, 56 L.Ed.2d 611(1978).

**Special Request No.  17**

**Intentional Infliction of Emotional Distress**

Plaintiff A.T. alleges that the individual Defendants, or Leneda Laing, Stephanie Pirkle, Lauren Lastoria, Terry Esquinance, Ashley Keith, and/or Matthew Ingram, are liable to her for intentional infliction of emotional distress.

To succeed on an intentional infliction of emotional distress claim against the individual Defendant(s), A.T. must prove, by a preponderance of the evidence, that the individual Defendant's(s') conduct was:

1.  intentional or reckless;

2.  so outrageous that it is not tolerated by civilized society, and

3.  the conduct resulted in serious mental injury to A.T..

Outrageous conduct does not extend to mere insults, indignities, threats, annoyances, petty oppression or other trivialities.  Cases decided thus far have found liability only where the defendant's conduct has been extreme and outrageous. It has not been enough that the defendant has acted with an intent which is tortious or even criminal, or that he has intended to inflict emotional distress, or even that his conduct has been characterized by "malice," or a degree of aggravation which would entitle the plaintiff to punitive damages for other tort. Liability has been found only where the conduct has been so outrageous in character, and so extreme in degree, as to go beyond all bounds of decency, and to be regarded as atrocious and utterly intolerable in a civilized community.

If either of the above elements has not been proven by the preponderance of the evidence, your verdict must be for the individual Defendant(s).

Source: *Fizgerald v. Hickman County Government*, No. M2017-00565-COA-R3-CV, 2018 WL 1634111, at *14 (Tenn. Ct. App. April 4, 2018).

**<u>Special Request No.  18</u>**

**<u>Negligent Infliction of Emotional Distress</u>**

Plaintiff A.T. alleges that Defendant Cleveland City Schools Board of Education ("CCSBE") is liable to her for negligent infliction of emotional distress.

To succeed on a negligent infliction of emotional distress claim against CCSBE, A.T. must

1. satisfy the five elements of ordinary negligence by a preponderance of the evidence: duty, breach of duty, injury or loss, causation in fact, and proximate or legal cause;

2. establish a "serious" or "severe" emotional injury; and

3. support her serious or severe injury with expert medical or scientific proof.

A "serious" or "severe" emotional injury is one that occurs where a reasonable person, normally constituted, would be unable to adequately cope with the mental stress engendered by the circumstances.

If either of the above elements has not been proven by the preponderance of the evidence, your verdict must be for Defendant CCSBE.

Source: *Marla H v. Knox County*, 361 S.W.3d 518, 529 (Tenn. Ct. App. 2011).

<u>**Special Request No. 19**</u>

<u>**Negligence**</u>

Negligence is the failure to use ordinary or reasonable care. It is either doing something that a reasonably careful person would not do, or the failure to do something that a reasonably careful person would do, under all of the circumstances in this case. The mere happening of an injury or accident does not, in and of itself, prove negligence.

A person may assume that every other person will use reasonable care unless a reasonably careful person has cause for thinking otherwise.

Duty is the legal obligation owed by defendant to plaintiff to conform to a reasonable person standard of care for the protection against unreasonable risks of harm.

Source: T.P.I. – Civil – 3.05.

**Special Request No. 20**

**Comparative Fault**

In deciding this case you must determine the fault, if any, of each of the parties. If you find more than one of the parties at fault, you will then compare the fault of the parties. To do this, you will need to know the definition of fault.

A party is at fault if you find that the party was negligent and that the negligence was a cause in fact and legal cause of the injury or damage for which a claim is made.

Fault has two parts: negligence and causation. Negligence is the failure to use reasonable care. It is either doing something that a reasonably careful person would not do, or the failure to do something that a reasonably careful person would do, under circumstances similar to those shown by the evidence. The mere happening of an injury or accident does not, in and of itself, prove negligence. A person may assume that every other person will use reasonable care unless the circumstances indicate the contrary to a reasonably careful person.

The second part of fault is causation.

Causation has two components: (a) causation in fact and (b) legal cause.

A cause in fact of the plaintiff's injury is a cause which directly contributed to the plaintiff's injury and without which the plaintiff's injury would not have occurred. To be a cause in fact, it is not necessary that a negligent act or omission be the sole cause of plaintiff's injury, only that it be a cause.

Once you have determined that a party's negligence was a cause in fact of plaintiff's injury, the next question you must decide is whether the party's negligence was also a legal cause of the plaintiff's injury.

Two requirements must be met to determine whether a party's negligent act(s) or omission(s) was (were) a legal cause of the injury or damage.

1. The conduct must have been a substantial factor in bringing about the harm being complained of; and

2. The harm giving rise to the action could have been reasonably foreseen or anticipated by a person of ordinary intelligence and prudence.

To be a legal cause of an injury there is no requirement that the cause be the only cause, the last act, or the one nearest to the injury, so long as it is a substantial factor in producing the injury or damage.

The foreseeability requirement does not require the person guilty of negligence to foresee the exact manner in which the injury takes place or the exact person who would be injured. It is enough that the person guilty of negligence could foresee, or through the use of reasonable care, should have foreseen the general manner in which the injury or damage occurred.

A single injury can be caused by the negligent acts or omissions of one or more persons.

It you find that a party was negligent and that the negligence was a cause in fact and also a legal cause of the injury or damages for which a claim was made, you have found that party to be at fault. The plaintiff has the burden to prove the defendant's fault. If the plaintiff fails to do so, you should find no fault on the part of the defendant. Likewise, the defendant has the burden to prove the plaintiff's fault. If the defendant fails to do so, you should find no fault on the part of the plaintiff. If you find more than one person to be at fault, you must then determine the percentage of fault chargeable to each of them.

You must also determine the total amount of damages sustained by any party claiming damages. You must do so without reducing those damages by any percentage of fault you may have charged that party. I will instruct you on the law of damages in a few minutes.

It is my responsibility under the law to reduce the amount of damages you assess against any party by the percentage of fault, if any, that you assign to that party.

A party claiming damages will be entitled to damages if that party's fault is less than 50% of the total fault in the case. A party claiming damages who is 50% or more at fault, however, is not entitled to recover any damages whatsoever.

Source: T.P.I. – Civil – 3.50.

**<u>Special Request No. 21</u>**

**<u>Comparative Fault, Basis of Comparison</u>**

You have been instructed that if you find more than one party at fault, you must apportion the fault of each party.

In making the apportionment of percentage of fault, you should keep in mind that the percentage of fault chargeable to a party is not to be measured solely by the number of particulars in which a party is found to have been at fault.

Nor does the fact that both parties are claiming the same act of negligence against each other necessarily mean that both must be equally at fault.

You should weigh the respective contributions of the parties considering the conduct of each as a whole, determine whether one made a larger contribution than the other(s), and if so, to what extent it exceeds that of the other(s).

Source: T.P.I. – Civil – 3.51.

**<u>Special Request No. 22</u>**

**<u>Additional Factors for Comparing Fault</u>**

The percentage of fault assigned to any person depends upon all of the circumstances of the case. The conduct of each person may make that person more or less at fault, depending upon all of the circumstances. In order to assist you in making this decision, you may consider the following factor(s) and you may also consider any other factors that you find to be important under the facts and circumstances. But the determination of fault on the part of any person and the determination of the relative percentages of fault, if any, are matters for you alone to decide.

1. Whose conduct more directly caused the injury to Plaintiff A.T.?

2. How reasonable was the person's conduct in confronting a risk, for example, did the person know of the risk or should the person have known of it?

3. Did the person fail to reasonably use an existing opportunity to avoid an injury to another?

4. Was there a sudden emergency requiring a hasty decision?

5. What was the significance of what the person was attempting to accomplish by the conduct?

Source: T.P.I. – Civil – 3.52.

**Special Request No.  23**

**Where Claim is Made Against One Not Joined as a Party**

In addition to claiming the comparative fault of Plaintiffs, Defendants claim that A.T.'s assailant, J.B., the Tennessee Department of Children's Services and its representatives, the Cleveland City Police Department and its representatives, School Resource Officer Raul Cruz, and the Juvenile Court for Bradley County, Tennessee were at fault and have the burden of proving their fault.

Even if these individuals or entities have not appeared or offered evidence, it is necessary that you determine whether Plaintiff A.T.'s assailant, J.B., the Tennessee Department of Children's Services and its representatives, the Cleveland City Police Department and its representatives, School Resource Officer Raul Cruz, and/or the Juvenile Court for Bradley County, Tennessee were at fault and determine the percentage of fault, if any, chargeable to each of them.

Source: T.P.I. – Civil – 3.53.

RESPECTFULLY SUBMITTED this 10th day of June, 2024.

**TAYLOR & KNIGHT, GP**
/s Hilary L. Magacs
Jonathan Swann Taylor (BPR #025094)
Hilary L. Magacs (BPR #036864)
800 S. Gay Street, Suite 600
Knoxville, TN 37929
Phone: (865)-971-1701
hmagacs@taylorknightlaw.com

*Attorneys for Defendant*

## CERTIFICATE OF SERVICE

     I hereby certify that on June 10, 2024, a copy of the foregoing document was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. All other parties will be served via regular U.S. Mail. Parties may access this filing through the Court's electronic filing system.

*/s/Hilary L. Magacs*