IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE
at CHATTANOOGA

| | |
|---|---|
| A.T., a minor student, by and through her parents and next friends, B.G. and J.G., et al.,<br><br>*Plaintiffs*,<br><br>v.<br><br>CLEVELAND CITY SCHOOLS BOARD OF EDUCATION, et al.,<br><br>*Defendants*. | Case No. 1:22-cv-00110<br><br>JURY DEMAND |

## SECOND MOTION TO AMEND EXPERT WITNESS LIST AND GENERAL WITNESS LIST

**COME NOW** the Plaintiffs, A.T., a minor student, by and through her parents and next friends, B.G. and J.G., and B.G. and J.G. in their individual capacities, by and through undersigned counsel, and with due deference to this Honorable Court, respectfully submits this Second Motion Amend Expert Witness List and the General Witness List in the above-captioned matter. In support thereof, Plaintiffs assert the following grounds:

### I. INTRODUCTION

1. On September 16, 2024, Plaintiffs filed a Motion to Amend Expert Witness List and General Witness List, which inadvertently omitted Plaintiff A.T.'s treating physician, Dr. Troy D. Gilson. [Doc. 59].

2. Plaintiffs rely on and fully incorporate herein by reference Plaintiffs' prior Motion to Amend Expert Witness List and General Witness List in its entirety as if fully set forth verbatim. [Doc. 59].

3. Plaintiffs have recently identified A.T.'s treating physician, Dr. Troy D. Gilson, as a crucial witness regarding Plaintiff A.T.'s medical condition and diagnosis, which forms the basis for Plaintiffs' claims. The inclusion of this medical doctor is essential to provide critical evidence regarding Plaintiff A.T.'s injuries and prognosis.

4. Plaintiffs now seeks leave to amend the witness list to add this treating physician, despite the close of discovery.

## II. LEGAL STANDARD

5. The Federal Rules of Civil Procedure, particularly Rules 15(a), 16(b), and 26, provide a flexible and equitable framework for the amendment of pleadings and witness disclosures. These rules are designed to ensure that cases are decided on their merits, allowing amendments unless they result in undue prejudice to the opposing party or disrupt the orderly progression of the litigation. Rule 16(b)(4) grants courts broad discretion to modify scheduling orders for "good cause," and Rule 26(e) imposes a duty on parties to supplement disclosures when new information renders prior disclosures incomplete or incorrect.

6. Precedent set by the United States Supreme Court provides that leave to amend pleadings "shall be freely given when justice so requires." *Foman v. Davis*, 371 U.S. 178, 182 (1962). This liberal standard has been endorsed by the Sixth Circuit, which holds that courts should permit amendments in the absence of undue prejudice or bad faith. *Inge v. Rock Fin. Corp.*, 281 F.3d 613, 625 (6th Cir. 2002).

7. Rule 16(b)(4) provides the court with broad discretion to modify pretrial orders and scheduling arrangements to prevent manifest injustice, as would be the case in the present matter should A.T.'s treating physician be prevented from offering testimony at trial.

8. The decision to permit amendments to a witness list after the close of discovery lies within the broad discretion of the court. *Lewis v. ACB Business Services, Inc.*, 135 F.3d 389, 402 (6th Cir.

1998). Courts in the Sixth Circuit and beyond allow amendments in the interest of justice, particularly where the amendment is not made in bad faith, would not cause undue prejudice to the opposing party, and is critical to the moving party's case.

9. In *Bentley v. Honeywell International, Inc.*, 223 F.R.D. 471, 478 (S.D. Ohio 2004), the court explained that modifications to discovery schedules, including amendments to witness lists, are at the discretion of the court and may be granted when they will not unduly prejudice the opposing party. Similarly, in *Foman v. Davis*, 371 U.S. 178, 182 (1962), the Supreme Court held that leave to amend should be "freely given" when justice so requires, particularly in the absence of bad faith or undue prejudice to the opposing party.

### III. ARGUMENT

10. Defendant will not be unfairly prejudiced by the inclusion of Plaintiff A.T.'s treating physician as a witness. As noted by the Sixth Circuit, prejudice occurs when an amendment causes undue surprise or hinders the opposing party's ability to prepare for trial. *Bridgeport Music, Inc. v. Justin Combs Pub.*, 507 F.3d 470, 479 (6th Cir. 2007). Here, Defendants have long been aware that Plaintiff A.T.'s medical condition is at the center of this case, and Defendants have had access to Plaintiff A.T.'s medical records. The addition of Plaintiff A.T.'s treating physician to the witness list merely formalizes testimony that aligns with the central issues already present in the litigation.

11. The testimony of Dr. Troy D. Gilson is indispensable to Plaintiffs' case. Plaintiff A.T.'s medical condition and diagnosis are central to her claims, and the treating physician's testimony will provide direct, first-hand knowledge regarding the nature and extent of Plaintiff's injuries, her treatment plan, and her prognosis for recovery. Without this testimony, Plaintiff would be severely prejudiced in presenting her case.

12. Courts have allowed amendments to witness lists when the testimony sought is vital to the moving party's ability to prove their case. In *Bays v. City of Fairborn*, 668 F.3d 814, 819 (6th Cir. 2012), the court ruled that amendments should be permitted when the testimony is critical to the merits of the case and will not cause undue delay or prejudice to the opposing party. The testimony of Dr. Troy D. Gilson is essential in proving the nature of Plaintiff's injuries and the causation element of her claims, and thus is critical to her ability to meet her burden of proof.

## IV. CONCLUSION

For the foregoing reasons, Plaintiffs respectfully pray that this Court grant Plaintiffs' Second Motion to Amend Expert Witness List and General Witness List to include Dr. Troy D. Gilson, Plaintiff's treating physician, as a witness and allow such further discovery as may be necessary to prepare for the doctor's testimony.

Respectfully submitted,

**SPICER RUDSTROM, PLLC**

/s:/ J. Taylor Thomas
J. Taylor Thomas, BPR #036278
*Attorney for Plaintiffs*
537 Market Street, Ste. 203
Chattanooga, TN 37402
Phone: (423) 756-0262
Facsimile: (423) 756-8489
Email: tthomas@spicerfirm.com

## CERTIFICATE OF SERVICE

I hereby certify that on September 18, 2024, a copy of the foregoing document was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. All other parties will be served via regular U.S. Mail. Parties may access this filing through the Court's electronic filing system.

<u>/s:/ J. Taylor Thomas</u>
J. Taylor Thomas, BPR #036278