UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | |
|---|---|
| A.T., A MINOR STUDENT, ) | |
| BY AND THROUGH HER PARENTS ) | |
| AND NEXT FRIENDS, B.G. AND J.G., and B.G. and ) | |
| J.G. IN THEIR INDIVIDUAL CAPACITIES, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | No. 1:22-CV-00110 |
| ) | |
| CLEVELAND CITY SCHOOLS BOARD OF ) | |
| EDUCATION, et al. ) | |
| ) | |
| Defendants. ) | |

## DEFENDANTS' RESPONSE IN OPPOSITION TO PLAINTIFFS' MOTIONS TO AMEND EXPERT WITNESS LIST AND GENERAL WITNESS LIST

Come now Cleveland City Schools Board of Education ("CCSBE"), Cleveland Middle School ("CMS")[1], Leneda Laing, in both her official and individual capacity as Principal of Cleveland Middle School, Stephanie Pirkle, in both her official and individual capacity as Vice-Principal of Cleveland Middle School, Lauren Lastoria, in both her official and individual capacity as the 6th grade guidance counselor at Cleveland Middle School, Terry Esquiance[2], in both her official and individual capacity as A.T.'s homeroom teacher, Ashely Keith, in both her official and individual capacity as A.T.'s math teacher, and Matthew Ingram, in both his official and individual

---

[1] Plaintiffs have admitted that CMS should be dismissed as a party as a matter of law given that CMS is not a proper party to this action because it is operated and maintained by the CCSBE and the real party in interest in this matter is CCSBE, not CMS. Fed. R. Civ. P. 17; [Doc. 41, Page ID# 443].

[2] Plaintiffs incorrectly identified Ms. Terry Esquinance as Ms. Terry Esquiance in the caption of this Complaint. [*See* Doc. 21]. The real party of interest pursuant to FRCP 17 is Ms. Terry Esquinance and not "Terry Esquiance.

1

Case 1:22-cv-00110-TAV-SKL   Document 61   Filed 09/20/24   Page 1 of 20   PageID #: 697

capacity as the seventh grade Vice Principal (collectively, the "Defendants"), by and through undersigned counsel, and hereby submit this Response in Opposition to Plaintiffs' Motion to Amend Expert Witness and General Witness List [Doc. 59] and Plaintiffs' Second Motion to Amend Expert Witness List and General Witness List [Doc. 60] as follows:

Plaintiffs A.T., a minor student, by and through her parents and next friends, B.G. and J.G., and B.G. and J.G. in their individual capacities (collectively, the "Plaintiffs") are asking this Honorable Court to allow Plaintiffs to substitute an expert witness and call three additional witnesses[3] at the trial of this matter. [Doc. 59; Doc. 60]. However, Plaintiffs' outlandish motion must be denied for several reasons, including that Plaintiffs never disclosed an expert witness to Defendants at any point previously in the subject litigation and therefore cannot "substitute" the same. Additionally, Plaintiffs never listed "Mr. Jason Peter, APRN" as one of A.T.'s health care providers in their initial disclosures or written discovery and have never produced any of Mr. Peter's records to Defendants.[4] Likewise, Plaintiffs did not list Dr. Troy G. Gilson in their initial disclosures or produce any of Dr. Gilson's records to Defendants. Moreover, G.H. was already included in Plaintiffs' belatedly filed witness list and is the subject of Defendants' Motion *in Limine*. [Doc. 51]. In short, all of the relevant deadlines in this case have expired and Plaintiffs should not be allowed to call these three individuals at trial, as the same would be harmful and unfairly prejudicial to Defendants.

    **I.    Relevant Factual Background**

---

[3] Two of these witnesses, Jason Peter, APRN and Dr. Troy D. Gilson, are allegedly Plaintiff A.T.'s healthcare providers and Plaintiffs cite the less stringent expert disclosure rule, or Rule 26(a)(2)(C) of the Federal Rules of Civil Procedure, in support of allowing the addition of these treating providers. [Doc. 59, Page ID# 688; Doc. 60, ¶ 2, Page ID# 692 (incorporating by reference Plaintiffs' prior Motion to Amend Expert Witness List and General Witness List in its entirety as if fully set forth verbatim)].

[4] Not only would Plaintiffs have an obligation to produce the records of a treating physician under Rule 26(a)(3)(A)(iii), but Defendants specifically asked for these records in written discovery and Plaintiffs never provided a copy of the same.

Plaintiffs filed their Complaint in this matter on May 6, 2022. [Doc. 1]. The Court put down a Scheduling Order on August 3, 2022, which set trial on December 5, 2023. [Doc. 13]. Dispositive motions and Plaintiff's expert disclosures were due 150 days prior to trial, or on July 8, 2023, and the discovery deadline was 90 days before trial, or September 6, 2023. [Doc. 13, Page ID# 75-76]. Witness lists were also due to the Court 45 days before trial, or on October 21, 2023, and motions *in limine* and pretrial disclosures, excluding witnesses, were due 30 days before trial, or on November 5, 2023. [Doc. 13, Page ID# 76, 78-79].

Defendants filed a Motion to Amend the Scheduling Order on July 7, 2023. [Doc. 25]. The Court granted this Motion and reset the trial for February 13, 2024. [Doc. 32]. In its Order, the Court provided that "[a]ny deadlines that are unexpired as of the time of the filing of the instant motion [Doc. 25] shall be applied as calculated from the new trial date and according to the same time limitations set forth in the Court's original Scheduling Order [Doc. 13]." [Doc. 32, Page ID# 218]. Accordingly, because Defendants' Motion to Amend the Scheduling Order [Doc. 25] was filed on July 7, 2023, none of the deadlines referenced *supra*, or the dispositive motions deadline, Plaintiff's expert disclosures deadline, discovery deadline, witness list deadline, motions *in limine* deadline, or pretrial disclosure deadline, had expired, and the same were to be "calculated from the new trial date [of February 13, 2024] and according to the same time limitations set forth in the Court's original Scheduling Order [Doc. 13]." [Doc. 32, Page ID# 218].

After trial was reset to February 13, 2024 [Doc. 32], dispositive motions and Plaintiff's expert disclosures were due 150 days prior to trial, or on September 16, 2023, and the discovery deadline was 90 days before trial, or November 15, 2023. [Doc. 13, Page ID# 75-76]. Witness lists were also due to the Court 45 days before trial, or on December 30, 2023, and motions *in limine*

3

and pretrial disclosures, excluding witnesses, were due 30 days before trial, or on January 14, 2024. [Doc. 13, Page ID# 76, 78-79].

In relation to the dispositive motions deadline and deadline for Plaintiffs' expert disclosures, Plaintiffs did not disclose any expert witnesses to Defendants by September 16, 2023[5] in accordance with Rule 26(a)(2)(B) or (C) of the Federal Rules of Civil Procedure. [Declaration of Hilary L. Magacs at ¶ 3, attached hereto as **Exhibit A** (hereinafter, HLM Decl. at ¶ ____)].

Defendants timely filed their Motion for Summary Judgement [Doc. 37] and memorandum in support thereof [Doc. 39] on September 15, 2023. Plaintiffs filed an untimely Response [Doc. 41] on October 25, 2023, or 19 days after their deadline to do so had expired under E.D. Tenn. L.R. 7.1(a) and included the Affidavit of G.H. as Exhibit 10 [Doc. 41-10, Page ID# 490-492].

In their Reply brief, Defendants noted the untimeliness of the Plaintiffs' Response and provided that Plaintiffs had never disclosed G.H. as a witness in their initial disclosures or their discovery responses in violation of Rule 26 of the Federal Rules of Civil Procedure. [Doc. 44, Page ID# 553-554]. Accordingly, because Plaintiffs never disclosed G.H. as a person with knowledge and Defendants never had the opportunity to depose G.H. or conduct written discovery concerning this individual's knowledge, Defendants requested that the Court strike the affidavit of G.H. pursuant to Rules 26 and 37 of the Federal Rules of Civil Procedure. [Doc. 44, Page ID# 554-555].

In accordance with the Scheduling Order and the trial date of February 13, 2024, the discovery deadline in this matter expired on November 15, 2023. [Doc. 32; Doc. 13]. Witness lists were due to the Court 45 days before trial, or on December 30, 2023, and Defendants timely filed their witness list on December 29, 2023. [Doc. 48]. Plaintiffs waited until after the deadline for

---

[5] September 16, 2023 fell on a Saturday. However, Plaintiffs also did not disclose any expert witnesses to Defendants by the next business day, or by Monday, September 18, 2023. Fed. R. Civ. P. 6(a)(1)(C). Defendants hereby incorporate this footnote in relation to all references to Plaintiffs' expert disclosure deadline being on September 16, 2023.

4

filing witness lists had expired and filed their witness list on January 4, 2024 [Doc. 49]. G.H. was included on this list. *Id*. Defendants then filed a motion *in limine* and argued that Plaintiffs should be prevented from calling trial witnesses, including G.H., that should have timely been disclosed to Defendants in a final witness list filed by December 30, 2024. [Doc. 51]. Plaintiffs never responded to this Motion.

On the same date, or on January 4, 2024, the Court put down an Order resetting trial in this matter to July 9, 2024. [Doc. 52]. The Court provided that "[a]ny deadlines that are unexpired as of the time of the filing of this Order shall be applied as calculated from the new trial date and according to the same time limitations set forth in the Court's original Scheduling Order [Doc. 13]."

Again, following the Court's previous Order resetting trial in this matter to February 13, 2024 [Doc. 32], dispositive motions and Plaintiff's expert disclosures were due 150 days prior to trial, or on September 16, 2023, and the discovery deadline was 90 days before trial, or November 15, 2023. [Doc. 13, Page ID# 75-76]. Witness lists were also due to the Court 45 days before trial, or on December 30, 2023 and motions *in limine* and pretrial disclosures, excluding witnesses, were due 30 days before trial, or on January 14, 2024. [Doc. 13, Page ID# 76, 78-79]. Thus, at the time of the Court's Order on January 4, 2024, only the motions *in limine* and pretrial disclosures deadlines had not yet passed. [Doc. 52; Doc. 13, Page ID# 76, 78].

Based on the new trial date of July 9, 2024, motions *in limine* and pretrial disclosures were due 30 days before trial, or on June 9, 2024. [Doc. 52; Doc. 13, Page ID# 76, 78]. Defendants filed no additional motions *in limine* and timely filed their pretrial disclosures on June 10, 2024.[6] [Doc. 55]; Fed. R. Civ. P. 6(a)(1)(C). Plaintiffs never filed their pretrial disclosures.

---

[6] Although not at issue in the subject motion, Defendants also timely filed their proposed jury instructions on June 10, 2024. [Doc. 56].

5

Due to a scheduling conflict, the Court reset trial from July 9, 2024 to February 4, 2025. [Doc. 57]. The Court provided that "[a]ll unexpired deadlines shall be applied as calculated according to the same time limitations set forth the Court's original Scheduling Order [Doc. 13]." [Doc. 57, Page ID# 681]. As of the date of the Order on June 26, 2024, all of the above-referenced deadlines had expired. [Doc. 57; Doc. 13].

## II. Plaintiffs should be precluded from "substituting" an expert witness when no expert witness has ever been disclosed to Defendants.

### a. Dr. Allen Solomon and/or John D. Foubert, Ph.D., LLC's testimony should be excluded.

Plaintiffs brazenly ask this Honorable Court to substitute John D. Foubert, Ph.D., LLC as their expert witness in this matter because of "the recent retirement and subsequent unavailability of Dr. Allen Solomon." [Doc. 59, Page ID# 686]. However, Plaintiffs never formally disclosed Dr. Solomon as their expert witness and the deadline for disclosing experts has long since expired.

Rule 26(a)(2)(B) of the Federal Rules of Civil Procedure provides that:

> Unless otherwise stipulated or ordered by the court, this disclosure [of expert testimony] must be accompanied by a written report – prepared by and signed by the witness – if the witness is one retained or specially employed to provide expert testimony in the case or one whose duties as the party's employee regularly involve giving expert testimony. The report must contain:
>
> (i) A complete statement of all opinions the witness will express and the basis and reasons for them;
> (ii) The facts or data considered by the witness in forming them;
> (iii) Any exhibits that will be used to summarize or support them;
> (iv) The witness's qualifications, including a list of all publications authored in the previous 10 years;
> (v) a list of all other cases in which, during the previous 4 years, the witness testified as an expert at trial or by deposition; and
> (vi) a statement of the compensation to be paid for the study and testimony in the case.

Fed. R. Civ. P. 26(a)(2)(B).

6

Case 1:22-cv-00110-TAV-SKL   Document 61   Filed 09/20/24   Page 6 of 20   PageID #: 702

If an identified expert is not retained or employed by a party, a party's expert disclosures must still provide:

    (i)     the subject matter on which the witness is expected to present evidence under Federal Rule of Evidence 702, 703, or 705; and
    (ii)    a summary of the facts and opinions to which the expert witness is expected to testify.

Fed. R. Civ. P.26(a)(2)(C).

In the entirety of the subject litigation, Plaintiffs referenced Dr. Solomon once in their answers to Interrogatories and three times in their responses to Defendants' Requests for Production of Documents ("RFPD"). In Interrogatory No. 11, Defendants asked Plaintiffs to:

> Please state the name and address of each person whom you expect to call as an expert witness at the trial of this cause and attach a copy of a current curriculum vitae or other documents which state the expert's qualifications. For each expert whom you intend to call at the trial of this cause, please state:
>
> (a) The technical field in which you claim they are an expert;
> (b) The subject matter on which each expert is expected to testify;
> (c) The substance of the facts to which each expert witness is expected to testify;
> (d) All writings, documents and other sources of information which you or someone on your behalf have provided to each expert witness;
> (e) The substance of the opinions to which each expert witness is expected to testify;
> (f) A summary of the grounds of each opinion;
> (g) The witnesses' qualifications, including, but not limited to, a list of all publications authored by the witness;
> (h) A list of call cases in which, during the previous four years, the witness testified as an expert; and
> (i) a statement of the compensation to be paid for the study and testimony in this case.

[Plaintiffs' A.T's Answers and Responses to Defendants' First Set of Interrogatories Requests for Production of Documents ("A.T.'s Discovery Responses"), Plaintiff B.G.'s Responses to Defendants First Set of Interrogatories and Requests for Production of Documents ("B.G.'s Discovery Responses") and Plaintiff J.G.'s Answers and Responses to Defendants' First Set of Interrogatories and Requests for Production of Documents ("J.G.'s Discovery Responses") at Interrogatory No. 11, attached hereto as collective **Exhibit B**]. Plaintiffs provided:

7

> Should this matter proceed to trial, Plaintiffs anticipate calling Allen Lee Solomon, M.D. Dr. Solomon attended The University of Tennessee and graduated from the UT School of Medicine in Memphis. He completed his residency in Psychiatry at Vanderbilt University in Nashville. He is Board Certified in both Adult and Adolescent Psychiatry. His special areas of interest are panic and anxiety disorders. He treats adolescents through adults, and has previously served as an expert witness by the Eleventh Judicial District of the State of Tennessee.
>
> He and his wife own and manage Behavioral Health Associates, P.C., located at 6216 Airpark Drive, Chattanooga, Tennessee 37421.
>
> Once Plaintiffs finalize their discussions with Dr. Solomon and formally retain him as an expert witness, Plaintiffs shall update Defendants accordingly.

*Id*.

Plaintiffs were also requested to produce "[a] current resume or curriculum vitae for each and every expert Plaintiff expects to call to testify at trial." [A.T.'s Discovery Responses at RFPD No. 8; B.G.'s Discovery Responses at RFPD No. 9; J.G.'s Discovery Responses at RFPD No. 9]. Plaintiffs responded, "Plaintiffs have yet to formally retain Dr. Solomon. Once negotiations have been finalized, Plaintiffs shall update Defendants as to this request in accordance with their continuing obligation to disclose." *Id*.

Additionally, Plaintiffs were requested to produce:

> All documents, including but not limited to expert reports, prepared by, prepared for, sent to, received from, reviewed by, considered by, or relied upon by any expert Plaintiff expects to call to testify at trial, concerning the subject matter of this lawsuit, the damages sought in this lawsuit, including equitable, injunctive, or declaratory relief and attorney's fees/costs, the allegations contained in your Amended Complaint or any amendment thereto, and the defenses asserted by Defendants . . . .

[A.T.'s Discovery Responses at RFPD No. 9; B.G.'s Discovery Responses at RFPD No. 10; J.G.'s Discovery Responses at RFPD No. 10]. Plaintiffs responded, "Plaintiffs have yet to formally retain Dr. Solomon. Once negotiations have been finalized, Plaintiffs shall update Defendants as to this request in accordance with their continuing obligation to disclose." *Id*.

8

Likewise, when asked to produce "[a]ll documents relating to any compensation paid to or to be paid by Plaintiff or her representative to each and every expert retained to testify in this case," Plaintiffs provided, "Plaintiff's have yet to formally retain Dr. Solomon. Once negotiations have been finalized, Plaintiffs shall update Defendants as to this request in accordance with their continuing obligation to disclose." [A.T.'s Discovery Responses at RFPD No. 10; B.G.'s Discovery Responses at RFPD No. 11; J.G.'s Discovery Responses at RFPD No. 11].

Although Plaintiffs provided in discovery that they *anticipated* retaining Dr. Solomon as an expert witness, Plaintiffs did not supplement their discovery responses at any time or provide Defendants with the expert report of Dr. Solomon containing the detailed information required under Rule 26(a)(2)(B) of the Federal Rules of Civil Procedure by their expert disclosure deadline of September 16, 2023. [HLM Decl. at ¶ 4]. Accordingly, given that Plaintiffs never disclosed Dr. Solomon as an expert, Plaintiffs cannot substitute John D. Foubert, Ph.D., LLC for Dr. Solomon.

Moreover, Plaintiffs attached a one-page curriculum vitae of Dr. Foubert [Doc. 59-1] to their Motion and provided that "[t]he prospective substitution expert witness is fully prepared to offer testimony consistent with the opinions previously disclosed, thereby preserving the continuity and integrity of the Plaintiff's case." [Doc. 59, Page ID# 686]. This "disclosure" – assuming that is what it is – runs afoul of Rule 26(a)(2)(B) for the same reasons set forth *supra*. Defendants have no idea what John D. Foubert – a doctor who is apparently also an LLC – will testify to, given that a report with the detailed information contained in Rule 26(a)(2)(B) was not provided to Defendants.

Alternatively, and to the extent that Plaintiffs allege that an expert report was not provided to Defendants because Dr. Solomon was never retained by Plaintiffs, Plaintiffs also failed to comply with Rule 26(a)(2)(C) of the Federal Rules of Civil Procedure. Plaintiffs did not provide

9

Defendants with the subject matter on which Dr. Solomon was expected to present evidence under Federal Rules of Evidence 702, 703, or 705, nor did they provide Defendants with a summary of the facts and opinions to which Dr. Solomon was expected to testify by their deadline on September 16, 2023. Fed. R. Civ. P. 26(a)(2)C); [HLM Decl. at ¶ 5.; Doc. 52; Doc. 13, Page ID# 75].

Although Plaintiffs cannot substitute Dr. Foubert for Dr. Solomon because Dr. Solomon was never previously disclosed as an expert witness, Plaintiffs also failed to timely file their witness list by December 30, 2023 and should therefore be prevented from calling trial witnesses that should have been properly disclosed to Defendants in a final witness list filed by the deadline established by this Honorable Court. [Doc. 51][7]. Shockingly, Plaintiffs did not even include Dr. Solomon on their belatedly filed witness list. [Doc. 49].

"If a party fails to provide information or identify a witness as required by Rule 26(a) ... the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." *Ogle v. Koorsen Fire & Security, Inc*., 336 F. Supp.3d 874, 877-878 (S.D. Ohio 2018) (quoting Fed. R. Civ. P. 37(c)(1)). Rule 37(c)(1) "requires absolute compliance with Rule 26(a), that is, it 'mandates that a trial court punish a party for discovery violations in connection with Rule 26 unless the violation was harmless or is substantially justified.'" *Id*. at 878 (quoting *Roberts ex rel. Johnson v. Galen of Va., Inc*., 325 F.3d 776, 782 (6th Cir. 2003).

---

[7] Plaintiffs never responded to Defendants' Motion *in Limine* [Doc. 51] and, accordingly, any opposition to this Motion should be deemed waived. E.D. L.R. 7.1 and 7.2; *Scott v. Tennessee*, No. 88-6095, 1989 WL 72470, at *2 (6th Cir. July 3, 1989) ("[I]f a plaintiff fails to respond or to otherwise oppose a defendant's motion, then the district court may deem the plaintiff to have waived opposition to the motion."; *see Humphrey v. U.S. Attorney General's Office*, No. 07-3740, 2008 WL 2080512, at *3 (6th Cir. May 15, 2008) ("Thus, where, as here, plaintiff has not raised arguments in the district court by virtue of his failure to oppose defendants' motions to dismiss, the arguments have been waived.").

This Court and other courts in this Circuit regularly exclude expert reports served in violation of Fed. R. Civ. P. 26(a)(2)(B). *See, e.g., R.C. Olmstead, Inc. v. CU Interface, LLC*, 657 F. Supp. 2d 905 (N.D. Ohio 2008) (excluding a plaintiff's expert disclosure because the disclosure failed to comply with Fed. R. Civ. P. 26(a)(2)(B)(i)-(ii), (iv)-(vi)); *Bekaert Corp. v. City of Dyersburg*, 256 F.R.D. 573 (W.D. Tenn. 2009) (granting a defendant's motion to strike a declaration filed by the plaintiff because it did not comply with the expert requirements set out in Fed. R. Civ. P. 26(a)(2)(B)); *Erickson v. Fahrmeier*, No. 3:17-cv-518-TWP-HBG, 2019 WL 6040787 (E.D. Tenn. Sept. 6, 2019) (finding the expert disclosures of two expert witnesses to be deficient under Fed. R. Civ. P. 26(a)(2)(B) and excluding them from testifying as experts). In fact, "the sanction of exclusion [of experts] is automatic and mandatory unless the sanctioned party can show that its violation of Rule 26(a) was either justified or harmless[.]" *Ogle*, 336 F. Supp.3d at 878 (citing *Roberts ex rel Johnson*, 325 F.3d at 782 (citing *Salgado v. General Motors Corp.*, 150 F.3d 735, 742 (7th Cir. 1998)). The burden of providing substantial justification or harmlessness is on the offending party, *i.e.*, Plaintiffs. *Id.*

Plaintiffs have no justification, let alone substantial justification, for their failure to provide a full and complete expert report of Dr. Solomon that complied in all material respects with Rule 26(a)(2)(B) of the Federal Rules of Civil Procedure by their expert disclosure deadline of September 16, 2023. Alternatively, Plaintiffs have not provided substantial justification for their failure to provide Defendants with the subject matter on which Dr. Solomon was expected to present evidence under Federal Rules of Evidence 702, 703, or 705 and a summary of the facts and opinions to which Dr. Solomon was expected to testify by the same deadline. Accordingly, Dr. Solomon's testimony should be excluded, and Plaintiffs should be precluded from substituting John D. Foubert, Ph.D., LLC for Dr. Solomon.

### b. Plaintiff's Failure to Comply with Fed. R. Civ. P. 26(a)(2)(B) is neither substantially justified nor harmless

Instead of explaining why they did not disclose Dr. Solomon as an expert by the deadline established by this Honorable Court, or by September 16, 2023, Plaintiffs merely provide that "Federal Rule of Civil Procedure 26(e) explicitly requires the supplementation of disclosures when new or previously undisclosed information becomes available." [Doc. 59, Page ID# 686].

Rule 26(e)(2) provides that:

> For an expert whose report must be disclosed under Rule 26(a)(2)(B), the party's duty to supplement extends both to information included in the report and to information given during the expert's deposition. Any additions or changes to this information must be disclosed by the time the party's pretrial disclosures under Rule 26(a)(3) are due.

*Deere & Co. v. FIMCO, Inc.*, 260 F. Supp. 3d 830, 837 (W.D. Ky. 2017) (quoting Fed. R Civ. P. 26(e)(2). Here, none of the information required by Rule 26(a)(2)(B) was ever provided to Defendants and Plaintiffs failed to supplement this information by the pretrial disclosure deadline, or June 10, 2024, and failed to file pretrial disclosures all together.

To the extent that Plaintiffs claim that Rule 26(a)(2)(B) does not apply to Dr. Solomon because Plaintiffs never retained Dr. Solomon to provide testimony in this matter, Plaintiffs likewise failed to provide Defendants with the subject matter on which Dr. Solomon was expected to present evidence under Federal Rules of Evidence 702, 703, or 705 and failed to provide a summary of the facts and opinions to which Dr. Solomon was expected to testify by the expert disclosure deadline. Fed. R. Civ. P. 26(a)(2)(C). Plaintiffs cannot circumvent their duties to provide timely disclosures to Defendants by now claiming they are "supplementing" their expert disclosures long after the discovery deadline and the deadline to disclose experts has passed. Fed. R. Civ. P. 26(a)(2)(C).

Simply put, Plaintiffs have not provided substantial justification for their failure to properly disclose Dr. Solomon as an expert in this matter and, accordingly, they should not be allowed to "substitute" John D. Foubert, Ph.D., LLC for Dr. Solomon.

Likewise, Plaintiffs failure to comply with Rule 26(a)(2)(B) or (C) is not harmless. If permitted, Plaintiffs' attempt to use Dr. Foubert would cause severe harm to Defendants by providing Plaintiffs with a clear and unfair litigation advantage. As this Court is well aware, the rules of discovery exist, in part, to prevent "ambush at trial" and to "short or decrease the need for expert deposition." *R.C. Olmstead, Inc. v. CU Interface, LLC*, 606 F.3d 262, 271 (6th Cir. 2010).

As it currently stands, Defendants have no knowledge whatsoever as to the opinions Dr. Solomon has/had in relation to this matter and the basis and reasons for those opinions. [*HLM Decl.* at ¶ 6]; *see* Fed. R. Civ. P. 26(a)(2)(B)(i). Likewise, Defendants do not know the facts or data considered by Dr. Solomon in forming his opinions, nor the exhibits he planned to use to summarize or support them.[8] [HLM Decl. at ¶ 6; Fed. R. Civ. P. 26(a)(2)(B)(ii)-(iii). Defendants do not know the publications that Dr. Solomon has authored in the previous 10 years, nor are they aware of the cases he has testified as an expert at trial or by deposition in the past four years. [HLM Decl. at ¶ 6]; Fed. R. Civ. P 26(a)(2)(B)(iv)-(v). Finally, Defendants do not know the amount of money that was or would have been paid to Dr. Solomon for his study and testimony in the case. [HLM Decl. at ¶ 6]; Fed. R. Civ. P. 26(a)(2)(B)(v). Accordingly, despite Dr. Foubert allegedly being "fully prepared to offer testimony consistent with the opinions previously disclosed," [Doc. 59, Page ID# 686], this assertion is anything but harmless to Defendants, given that Defendants know nothing about those alleged opinions.[9]

---

[8] Plaintiffs should also be precluded from presenting any exhibits at the trial of this cause given that they failed to file their pretrial disclosures by June 10, 2024. Fed. R. Civ. P. 37(c)(1); [Doc. 52; Doc. 13, Page ID# 76].
[9] Outside of claiming that Dr. Foubert will "offer testimony consistent with the opinions previously disclosed," Plaintiffs attached Dr. Foubert's curriculum vitae [Doc. 59-1], which falls severely short of the specific and detailed

13

Moreover, prior to the Court resetting the trial in this cause from February 13, 2024 to July 9, 2024, the discovery deadline expired on November 15, 2023, and Defendants are therefore unable to timely depose Dr. Solomon and/or Dr. Foubert to try to determine their alleged opinions in this case and how they relate to the Plaintiffs' alleged claims. [Doc. 32; Doc. 13, Page ID# 75-76]. Additionally, if Plaintiffs had complied with the Scheduling Order [Doc. 13] and properly disclosed Dr. Solomon by September 16, 2023, Defendants would have had 30 days to offer a rebuttal expert [Doc. 13, Page ID# 75]. That is now impossible, as that deadline has expired, and Defendants do not know the substance of Dr. Solomon's opinions.

For all of these reasons, Plaintiffs' failure to properly disclose Dr. Solomon as an expert witness in accordance with Rule 26 of the Federal Rules of Civil Procedure was not substantially justified or harmless, and Plaintiffs should be precluded from "substituting" John Foubert, Ph.D., LLC for Dr. Solomon.

### III. This Honorable Court should not allow Plaintiffs to call G.H. as a witness in the trial of this matter.

Plaintiffs next ask this Court to "amend the General Witness List to include G.H., a minor, who was a classmate of Plaintiff A.T. at the time of the events complained of in Plaintiff's Amended Complaint." [Doc. 59, Page ID# 687]. G.H. was included on Plaintiffs' belatedly-field witness list [Doc. 49], so it is unclear why Plaintiffs are now asking the Court to amend the same.

Regardless, and as set forth in Defendants' First Motion *in Limine* [Doc. 51], Plaintiffs should be precluded from presenting at any trial of this matter any witness that was not timely disclosed by Plaintiffs in a final witness list that was required by the Scheduling Order [Doc. 13] to be filed with the Court at least "[f]orty-five (45) days before trial," or by December 30, 2023.

---

requirements set forth by Fed. R. Civ. P. 26(a)(2)(B) and (C).

14

[Doc. 32; Doc. 13, Page ID# 79]. For some unknown reason, Plaintiffs willfully ignored the December 30, 2023, deadline and did not file their witness list [Doc. 49] until January 4, 2024.[10]

Plaintiffs never responded to Defendants' Motion *in Limine* [Doc. 51] and, accordingly, any opposition to this Motion should be deemed waived. E.D. L.R. 7.1 and 7.2; *Scott v. Tennessee*, No. 88-6095, 1989 WL 72470, at *2 (6th Cir. July 3, 1989) ("[I]f a plaintiff fails to respond or to otherwise oppose a defendant's motion, then the district court may deem the plaintiff to have waived opposition to the motion."); *see Humphrey v. U.S. Attorney General's Office*, No. 07-3740, 2008 WL 2080512, at *3 (6th Cir. May 15, 2008) ("Thus, where, as here, plaintiff has not raised arguments in the district court by virtue of his failure to oppose defendants' motions to dismiss, the arguments have been waived.").

Plaintiffs provided no reasons as to why their failure to timely file their witness list was substantially justified or harmless, and they should not be given another opportunity to do so now. Accordingly, Plaintiffs should be precluded from calling G.H.[11] as a witness at the trial of this cause.

### IV. Plaintiffs should also be precluded from calling Jason Peter, APRN at the trial of this matter.

Plaintiffs next request "to add A.T.'s health care provider, Jason Peter, APRN, to the General Witness List." [Doc. 59, Page ID# 687]. For similar reasons, Plaintiff's request should be denied.

---

[10] Notably, Plaintiffs have never even moved this Court to file their belated witness list as of the undersigned date.

[11] Plaintiffs' failure to disclose G.H. as a witness in their initial disclosures or their discovery responses in violation of Rules 26 of the Federal Rules of Civil Procedure was also discussed in Defendants' Reply brief to Defendants' Motion for Summary Judgment. [Doc. 44, Page ID# 554]. Plaintiffs never disclosed G.H. as a person with knowledge and Defendants never had the opportunity to depose G.H. or conduct written discovery concerning this individual's knowledge, and accordingly, Defendants requested that the Court strike the affidavit of G.H. attached to Plaintiffs' Response to Defendants' Motion for Summary Judgment pursuant to Rules 26 and 37 of the Federal Rules of Civil Procedure. [Doc. 44, Page ID# 554-555].

First, Plaintiffs never disclosed Jason Peter, APRN to Defendants in their initial disclosures or in their discovery responses in violation of Rules 26 of the Federal Rules of Civil Procedure. Fed. R. Civ. P. 26(a)(1); Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 26(e)(1); Fed. R. Civ. P. 37(c)(1); Doc. 44-1; [HLM Decl. at ¶ 7; A.T.'s Discovery Responses at Interrogatory Nos. 10, 14, and 16 and RFPD Nos. 1, 5, and 11; B.G.'s Discovery Responses at Interrogatory Nos. 10, and 14 and RFPD Nos. 1, 5, and 12; J.G.'s Discovery Responses at Interrogatory Nos. 10 and 14 and RFPD Nos. 1, 5, and 12].[12] Likewise, despite being asked to do so in discovery, Plaintiffs failed to produce a single one of A.T.'s medical records to Defendants. [HLM Decl. at ¶ 7; A.T.'s Discovery Responses at RFPD Nos. 1 and 11; B.G.'s Discovery Responses at RFPD Nos. 1 and 12; J.G.'s Discovery Responses at RFPD Nos. 1 and 12].

Rule 37(c)(1) of the Federal Rules of Civil Procedure provides that "i]f a party fails to provide information or identify a witness as a required by Rules 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing or at trial, unless the failure was substantially justified or is harmless." Respectfully, Plaintiffs have not provided this Court with substantial justification for why they should be allowed to utilize Jason Peter, APRN as a witness during trial. In fact, Plaintiffs have provided <u>no</u> justification for why they failed to identify Jason Peter, APRN, as a person with knowledge in this matter and no reason why they failed to produce any of his records of treatment of A.T. to Defendants. They likewise do not explain why suddenly, after all of the pertinent deadlines set forth in the Scheduling Order have expired, they are requesting to add Jason Peter, APRN to their witness list. Plaintiffs do not provide, for example, that A.T. just began treating with Jason Peter, APRN. Instead, they allege

---

[12] Plaintiff A.T. listed "Dr. Jason Peter" as a prescriber of medication in her answer to Interrogatory No. 16. [A.T.'s Discovery Responses at Interrogatory No. 16]. It is unclear whether this is the same individual that Plaintiffs are now seeking to call as a witness at trial.

that "[t]he addition of Jason Peter, APRN, is justified by the necessity of presenting a complete and accurate account of the Plaintiff A.T.'s medical condition, which is central to the Plaintiffs' claims."

Respectfully, and as set forth *supra*, the rules of discovery exist, in part, to prevent "ambush at trial." *R.C. Olmstead, Inc. v. CU Interface, LLC*, 606 F.3d 262, 271 (6th Cir. 2010). Defendants have never seen a single medical record for A.T., much less one that involves treatment by Jason Peter, APRN. Accordingly, allowing Plaintiffs to call him as a witness at trial, especially when Plaintiffs never sought permission to file their belated witness list [Doc. 49] in the first place and never bothered to respond to Defendants' Motion *in Limine* [Doc. 51], would amount to an unfair litigation advantage to Plaintiffs and would be extremely harmful to Defendants, who have worked diligently to meet all discovery and other deadlines set forth by this Honorable Court.

Plaintiffs also cite *Fielden v. CSX Transp. Inc.*, 482 F.3d 866, 871 (6th Cir. 2007) and provide that "health care providers, while not required to provide expert reports under Rule 26(a)(2)(C), may testify as fact witnesses on their personal observations and treatment of the Plaintiff." [Doc. 59, Page ID# 688]. While that may be true, "[w]ith regard to experts not retained or specially employed to provide expert testimony in a case, *e.g.*, treating doctors, the mere disclosure of the expert's identity is insufficient." *Ogle*, 336 F. Supp.3d at 877 (citing Fed. R. Civ. P. 26(a)(2)(C)). Instead, and as set forth in *Ogle*:

> The disclosure of a non-retained expert's identity must be accompanied by a statement regarding: "(i) the subject matter on which the witness is expected to present evidence under Federal Rule of Evidence 702, 703, or 705; and (ii) a summary of the facts and opinions to which the witness is expected to testify." *Id.*; *Little Hocking Water Ass'n, Inc. v. E.I. DuPont de Nemours & Co.*, No. 2:09-CV-1081, 2015 WL 1105840, at *7 (S.D. Ohio Mar. 11, 2015). While the disclosures required by Rule 26(a)(2)(C) are "considerably less extensive than the report required by Rule 26(a)(2)(B)[,]" the Rule does "not permit a Plaintiff to 'dump' medical records on the defendant, nor do they eliminate the requirement of providing summary disclosures." *Gleed v. AT & T Servs., Inc.*, No. 13-12479, 2016

WL 1451532, at *2 (E.D. Mich. Apr. 12, 2016); *see also Cosby v. Claiborne Cnty. Bd. of Educ.*, No. 3:17-CV-278-RLJ-HBG, 2018 WL 3233336, at *3 (E.D. Tenn. July 2, 2018) (finding that identifying physicians in response to interrogatories and the production of medical records in discovery "does not satisfy Rule 26(a)(2)(C)" and "does not constitute harmlessness under Rule 37(c)(1)"); *Little Hocking Water Ass'n*, 2015 WL 1105840, at *8 (holding that a Rule 26(a)(2)(C) "summary is defined as a brief account that states the main points of a larger body of information," not "a prodigious volume of material"; "it does not suffice to reference large bodies of material as sources of facts").

*Id.*

As set forth *supra*, Plaintiffs failed to identify any expert, including Plaintiffs' treating doctors in accordance with Rule 26(a)(2)(B) or (C) by the deadline set forth in the Court's Scheduling Order, or September 16, 2023. [Doc. 32, Doc. 13, Page ID# 75]. Accordingly, Plaintiff's request to add Jason Peter, APRN to their witness list following the expiration of the expert disclosure and discovery deadlines is neither substantially justified nor harmless, as Defendants have no idea what Mr. Peter's testimony might be, nor have they ever been provided with a summary of the facts and opinions to which he is expected to testify. [HLM Decl. at ¶ 8].

### V. Plaintiffs should also be precluded from calling Dr. Troy D. Gilson at the trial of this matter.

Similarly, this Court should disallow Plaintiffs from calling Dr. Troy D. Gilson at the trial of this matter. As set forth *supra*, despite being asked to do so in discovery, Plaintiffs failed to produce a single one of A.T.'s medical records to Defendants. [HLM Decl. at ¶ 9; A.T.'s Discovery Responses at RFPD Nos. 1 and 11; B.G.'s Discovery Responses at RFPD Nos. 1 and 12; J.G.'s Discovery Responses at RFPD Nos. 1 and 12]. Likewise, Plaintiffs did not include Dr. Gilson in their initial disclosures [HLM Decl. at ¶ 9; Doc. 44-1]. Both actions violate Rule 26 of the Federal Rules of Civil Procedure. Fed. R. Civ. P. 26(a)(1); Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 26(e)(1).

Rule 37(c)(1) of the Federal Rules of Civil Procedure provides that "i]f a party fails to provide information or identify a witness as a required by Rules 26(a) or (e), the party is not

18

allowed to use that information or witness to supply evidence on a motion, at a hearing or at trial, unless the failure was substantially justified or is harmless." Respectfully, Plaintiffs have not provided this Court with substantial justification for why they should be allowed to utilize Dr. Gilson as a witness during trial. Plaintiffs have provided <u>no</u> justification for why they failed to identify Dr. Gilson as a person with knowledge in this matter and no reason why they failed to produce any of his records of treatment of A.T. to Defendants. Further, Plaintiffs are seeking permission to amend a belated witness list they had no permission to file in the first place. [Doc. 49].

Infuriatingly, Plaintiffs claim that they "have recently identified A.T.'s treating physician, Dr. Troy D. Gilson, as a crucial witness regarding Plaintiff A.T.'s medical condition and diagnosis" while simultaneously claiming that "Defendants have long been aware that Plaintiff A.T.'s medical condition is at the center of this case." and "Defendants have had access Plaintiff's A.T.'s medical records." [Doc. 60, Page ID# 693-694]. Suffice it to say, Plaintiffs' arguments are non-sensical and should be disregarded by this Honorable Court.

Moreover, Plaintiffs failed to identify any expert, including Dr. Gilson or any of Plaintiffs' other alleged treating doctors, in accordance with Rule 26(a)(2)(B) or (C) by the deadline set forth in the Court's Scheduling Order, or September 16, 2023. *Ogle*, 336 F.3d at 877 ("With regard to experts not retained or specially employed to provide expert testimony in a case, *e.g.*, treating doctors, the mere disclosure of the expert's identify is insufficient."); [HLM Decl. at ¶ 10; Doc. 32, Doc. 13, Page ID# 75]. Accordingly, Plaintiff's request to add Dr. Gilson to their witness list following the expiration of the expert disclosure and discovery deadlines is neither substantially justified nor harmless, as Defendants have no idea what Dr. Gilson's testimony might be, nor have

they ever been provided with a summary of the facts and opinions to which he is expected to testify. [HLM Decl. at ¶ 10].

## CONCLUSION

For each and all of the above-listed reasons, Defendants request that this Honorable Court DENY Plaintiffs' Motion to Amend Expert Witness List and General Witness List [Doc. 59] and Plaintiff's Second Motion to Amend Expert Witness List and General Witness List [Doc. 60].

RESPECTFULLY SUBMITTED this 20th day of September, 2024.

    KRAMER RAYSON LLP

    /s/ Hilary L. Magacs
    Jonathan Swann Taylor, BPR#025094
    Hilary L. Magacs, BPR#036864
    800 South Gay Street, Suite 2500
    Knoxville, TN 37929
    (865) 971-1701 (ext. 109)
    hmagacs@kramer-rayson.com
    *Attorneys for Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that on September 20, 2024, a copy of the foregoing document was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. Parties may access this filing through the Court's electronic filing system.

    */s/ Hilary L. Magacs*
    Hilary L. Magacs