| | |
|---|---|
| A.T., A MINOR STUDENT, ) <br> BY AND THROUGH HER PARENTS ) <br> AND NEXT FRIENDS, B.G. AND J.G., and B.G. and ) <br> J.G. IN THEIR INDIVIDUAL CAPACITIES, ) <br> ) <br> Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> CLEVELAND CITY SCHOOLS BOARD OF ) <br> EDUCATION, et al. ) <br> ) <br> Defendants. ) | No. 1:22-CV-00110 |

## DECLARATION OF HILARY L. MAGACS

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury:

1. My name is Hilary L. Magacs and I am a resident of Knox County, Tennessee. I am more than eighteen (18) years of age, and otherwise competent to testify.

2. I, along with Johnathan Swann Taylor, represent Cleveland City Schools Board of Education ("CCSBE"), Cleveland Middle School ("CMS")[1], Leneda Laing, in both her official and individual capacity as Principal of Cleveland Middle School, Stephanie Pirkle, in both her official and individual capacity as Vice-Principal of Cleveland Middle School, Lauren Lastoria, in both her official and individual capacity as the 6th grade guidance counselor at Cleveland Middle

---

[1] Plaintiffs have admitted that CMS should be dismissed as a party as a matter of law given that CMS is not a proper party to this action because it is operated and maintained by the CCSBE and the real party in interest in this matter is CCSBE, not CMS. Fed. R. Civ. P. 17; [Doc. 41, Page ID# 443].

EXHIBIT A

School, Terry Esquiance[2], in both her official and individual capacity as A.T.'s homeroom teacher, Ashely Keith, in both her official and individual capacity as A.T.'s math teacher, and Matthew Ingram, in both his official and individual capacity as the seventh grade Vice Principal (collectively, the "Defendants") in the above-captioned matter.

3. After trial was reset in this matter to February 13, 2024 [Doc. 32], Plaintiffs' expert disclosure deadline was 150 days prior to trial, or on September 16, 2023. Plaintiffs did not disclose any expert witnesses to Defendants by this deadline[3] in accordance with Rule 26(a)(2)(B) or (C) of the Federal Rules of Civil Procedure.

4. Plaintiffs provided Defendants with their Answers and Responses to Defendants' First Set of Interrogatories on or about June 26, 2023. [Plaintiffs' A.T's Answers and Responses to Defendants' First Set of Interrogatories Requests for Production of Documents ("A.T.'s Discovery Responses"), Plaintiff B.G.'s Responses to Defendants First Set of Interrogatories and Requests for Production of Documents ("B.G.'s Discovery Responses") and Plaintiff J.G.'s Answers and Responses to Defendants' First Set of Interrogatories and Requests for Production of Documents ("J.G.'s Discovery Responses"), relevant excerpts of which are attached to Defendants' Response in Opposition to Plaintiffs' Motions to Amend Expert Witness List and General Witness List as collective **Exhibit B**]. Plaintiffs did not supplement these responses in relation to expert witnesses at any time, nor did they provide Defendants with the expert report of Allen Lee Solomon, M.D. containing the detailed information required under Rule 26(a)(2)(B) of the Federal Rules of Civil Procedure by their expert disclosure deadline of September 16, 2023.

---

[2] Plaintiffs incorrectly identified Ms. Terry Esquiance as Ms. Terry Esquiance in the caption of this Complaint. [*See* Doc. 21]. The real party of interest pursuant to FRCP 17 is Ms. Terry Esquiance and not "Terry Esquiance.
[3] September 16, 2023 fell on a Saturday. However, Plaintiffs also did not disclose any expert witnesses to Defendants by the next business day, or by Monday, September 18, 2023. Fed. R. Civ. P. 6(a)(1)(C). Defendants hereby incorporate this footnote in relation to all references to Plaintiffs' expert disclosure deadline being on September 16, 2023.

5. Likewise, Plaintiffs did not provide Defendants with the subject matter on which Dr. Solomon was expected to present evidence under Federal Rules of Evidence 702, 703, or 705, nor did they provide Defendants with a summary of the facts and opinions to which Dr. Solomon was expected to testify by their expert disclosure deadline on September 16, 2023. Fed. R. Civ. P. 26(a)(2)C).

6. Defendants have no knowledge whatsoever as to the opinions Dr. Solomon has/had in relation to this matter and the basis and reasons for those opinions. Likewise, Defendants do not know the facts or data considered by Dr. Solomon in forming his opinions, nor the exhibits he planned to use to summarize or support them. Further, Defendants do not know the publications that Dr. Solomon has authored in the previous 10 years, nor are they aware of the cases he has testified as an expert at trial or by deposition in the past four years. Finally, Defendants do not know the amount of money that was or would have been paid to Dr. Solomon for his study and testimony in this case.

7. Plaintiffs never disclosed Jason Peter, APRN to Defendants in their initial disclosures or in their discovery responses and have never supplemented their initial disclosures or discovery responses to include this information. Further, despite being asked to do so in discovery, Plaintiffs failed to produce a single one of A.T.'s medical records to Defendants.

8. Plaintiffs also failed to identify Jason Peter, APRN as an expert in accordance with Rule 26(a)(2)(B) or (C) of the Federal Rules of Civil Procedure by their expert disclosure deadline of September 16, 2023. Defendants therefore have no idea what Mr. Peter's testimony might be, nor have they ever been provided with a summary of the facts and opinions to which he is expected to testify.

9. Likewise, Plaintiffs never disclosed Dr. Troy D. Gilson to Defendants in their initial disclosures and have never supplemented their initial disclosures to include this information. Further, despite being asked to do so in discovery, Plaintiffs failed to produce a single one of A.T.'s medical records to Defendants.

10. Plaintiffs also failed to identify Dr. Troy D. Gilson as an expert in accordance with Rule 26(a)(2)(B) or (C) of the Federal Rules of Civil Procedure by their expert disclosure deadline of September 16, 2023. Defendants therefore have no idea what Dr. Gilson's testimony might be, nor have they ever been provided with a summary of the facts and opinions to which he is expected to testify.

11. Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Executed this 20th day of September, 2024.

_____
Hilary L. Magacs