IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE
at CHATTANOOGA

A.T., a minor student, by and through her
parents and next friends, B.G. and J.G., and
B.G. and J.G. in their individual capacities,

*Plaintiffs*,

v.

CLEVELAND CITY SCHOOLS BOARD
OF EDUCATION; CLEVELAND
MIDDLE SCHOOL; MS LENEDA
LAING, in both her individual and official
capacity as Principal of Cleveland Middle
School; MS. STEPHANIE PIRKLE, in her
both her individual official capacity as
Vice-Principal of Cleveland Middle
School; MS. LAUREN LASTORIA, in her
individual and official capacity as the 6th
Grade Counselor at Cleveland Middle
School; MS. TENY ESQUIANCE, in her
individual and official capacity as A.T.'s
Homeroom Teacher; and MS. ASHLEY
KEITH, in both her individual and official
capacity as A.T.'s Math Teacher, and MR.
MATT INGRAM, in both his individual
and official capacities as the 7th grade vice-
principal,

*Defendants*.

Case No. 1:22-cv-00110

JURY DEMAND

---

**PLAINTIFF A.T.'s ANSWERS AND RESPONSES TO DEFENDANTS' FIRST SET OF
INTERROGATORIES AND REQUESTS FOR PRODUCTION OF DOCUMENTS**

---

    **COMES NOW** Plaintiff, A.T., by and through her next friend, B.G., and the undersigned

counsel, and, pursuant to Rules 26 and 33 of the *Federal Rules of Civil Procedure*, hereby responds

to Defendants' First Set of Interrogatories and Requests for Production of Document Propounded

to Plaintiff A.T. In response to said Interrogatories and Requests, Plaintiff A.T. states as follows:



9. Do you or your attorney, or anyone acting on your or their behalf, have or know of any photographs, motion pictures, drawings, diagrams, recordings, statements or other descriptions concerning the allegations set forth in the Amended Complaint, if any, made either before, after, or at the time of the allegations set forth in the Amended Complaint. If so, as to each such item, state:

    a. [i]ts nature;

    b. [i]ts specific subject matter;

    c. [t]he date it was made or taken;

    d. [t]he name, address, telephone number, and employer of the person making or taking it;

    e. [w]hat each such item purports to show, illustrate[,] or represent; and

    f. [t]he names, addresses, telephone numbers, and employers of the person(s) having custody of such items.

**ANSWER:** **Plaintiffs are not in possession of any photographs, motion pictures, drawings, diagrams, or recordings concerning the allegations underlying this cause of action.**

**Plaintiffs have provided copies of the handwritten accounts of the allegations underlying this complaint, as well as transcriptions of the same for the reader's convenience.**

**Additionally, Following the sexual assaults on A.T., Defendants instructed and compelled A.T. to write out and execute a statement as to said assaults in the absence of a parent of guardian.**

10. Identify each person whom you intend to call as a witness at the trial in this matter, providing each such person's name, address, telephone number, employer, and the general subject matter of the expected testimony.

**ANSWER:** **Stephen Rogers**      **Bradley County Juvenile Court Youth Services Officer**

|                    | and Junior Varsity Softball Coach at Cleveland Middle School. Mr. Rogers will testify as to the juvenile court proceeding and confirm that at no point were Plaintiffs B.G. and J.G. were ever notified of the sexual assault of A.T. |
|--------------------|---------------|
| Jim Stansel        | Mr. Stansel was Plaintiff A.T.'s Science teacher and will attest to A.T.'s failing and unsatisfactory performance subsequent to the assault and intentional indifference on the part of Defendants. |
| All Defendants     | All Defendants named in this matter regarding all aspects of their respective knowledge and participation in the events underpinning this cause of action. |
| DA Cody Wamp       | DA Wamp will testify as to the juvenile proceedings and the voluminous juvenile record of A.T.'s assailant and that the incident at issue was not the first time the assailant had been before that judicial body for like offenses. |

11. Please state the name and address of each person whom you expect to call as an expert witness at the trial of this cause and attach a copy of a current curriculum vitae or other document which states the expert's qualifications. For each expert whom you intend to call at the trial of this cause, please state:

    a.   [t]he technical field in which you claim they are an expert;

    b.   [t]he subject matter on which each expert is expected to testify;

    c.   [t]he substance of the facts to which each expert witness is expected to testify;

    d.   [a]ll writings, documents and other sources of information which you or someone on your behalf have provided to each expert witness;

    e.   [t]he substance of the opinions to which each expert witness is expected to testify;

    f.   [a] summary of the grounds of each opinion;

    g.   the witness' qualifications, including, but not limited to, a list of all publications authored by the witness;

    h.   a list of all cases in which, during the previous four years, the witness testified

as an expert; and

i. a statement of the compensation to be paid for the study and testimony in this case.

**ANSWER:** **Should this matter proceed to trial, Plaintiffs anticipate calling Allen Lee Solomon, M.D. Dr. Solomon attended The University of Tennessee and graduated from the UT School of Medicine in Memphis. He completed his residency in Psychiatry at Vanderbilt University in Nashville. He is Board Certified in both Adult and Adolescent Psychiatry. His special areas of interest are panic and anxiety disorders. He treats adolescents through adults, and has previously served as an expert witness by the Eleventh Judicial District of the State of Tennessee.**

**He and his wife own and manage Behavioral Health Associates, P.C., located at 6216 Airpark Drive, Chattanooga, Tennessee 37421.**

**Once Plaintiffs finalize their discussions with Dr. Solomon and formally retain him as an expert witness, Plaintiffs shall update Defendants accordingly.**

12. Identify each and every e-mail account used by Plaintiff to send or receive messages and every telephone number for each and every telephone (including mobile phone) used by Plaintiff to make or receive calls or send or receive text messages for the past five years.

**ANSWER:** **Plaintiff A.T. does not have a public email account.**

13. Identify all social media sites (including but not limited to Facebook, Twitter, YouTube, LinkedIn, Instagram, Snapchat, and TikTok) for which you have or had an account at any time over the past five years.

**ANSWER:** **Plaintiff A.T. does not have any social media.**

14. Please itemize each and every out-of-pocket loss or damages you claim were caused by these Defendants, including but not limited to:

    a. [e]xpenses for past and future medical care, treatment, and prescription drugs or medication;

    b. [l]ost wages, past, present[,] or future; [and]

    c. [a]ny other tangible pecuniary loss.

**ANSWER:**      **Attending Psychiatrist** – Dr. Lawson Chattanooga VA
Rate of $300 per hour times 12 hours= $3,600.00
12 visits over 3 yrs. taking apprx. 4hrs each
12x3x4 = 144hrs.
144hrs. x $31 (hourly rate) = $4,464
Gas – Roundtrip is 44mx2 = 88 x 4 times a year for 3 years
    (88)(4)(3) = 1,056 > 1,056($0.65) = $686.40
**Total = $8,750.40**

**Attending Psychologist** – Troy Athens VA
Rate of $120 per hour times 12 hours= $1,440.00
One visit a month over a 3 year period is 36 visits, with each visit taking apprx. 4 hrs. each
36x4 = 144hrs at $31 hr. = $4,464
Gas – Roundtrip is 32mx2 = 64 times 4 times a year and times 3 years so (64x12) then($0.65) = 768m x 0.65 = $499.20
**Total = $6,403.20**

**Attending different school Lake Forest and Polk County High**
Gas to Polk Co. High 12,240 miles (17m x 4)(180)($0.65) = $7,956, Lake Forest Middle 5,976 miles (8.3mx4)(180)($0.65) = $3884.40
These are roundtrip 2x a day which is why mileage one way is multiplied by the number of miles from our house to each destination times 4.
**Total = $11,840**

**Medication cost**
Lorazepam = $95.00 per month (36) – $3,420.00
Doxepin = $110 per month (36) – $3,960.00
Omeprazole = $100 per month (36) – $3,600.0
Melatonin= 15 per month (36) – $540.00
Lisinopril = $30 per month (36) – $1,080.00
**Total= $24,926.00**

> **Time off Work**
>> Court x2 days off for a total of 16hrs of leave at $31.00 per hour
>> **Total= $496.00**

**Cumulative Total:**     **$8,750.40 + $6,403.20 + $11,840 + $24,926.00 + $496.00 = $61,165.20**

15. If Plaintiff was bullied, sexually harassed, sexually battered, and/or sexually assaulted while on the grounds of Cleveland Middle School or on property belonging to Defendant Cleveland City Schools Board of Education, please:

   a. [s]tate the date, time, and place of each incident of bullying, sexual harassment, sexual battery, and/or sexual assault;

   b. [i]dentify, by name, occupation, job title, address, and phone number each individual involved in the commission of the bullying, sexual harassment, sexual battery, and/or sexual assault;

   c. [g]ive a detailed description of the circumstances of each incident;

   d. [i]dentify each witness to the incident(s);

   e. [i]dentify each person by name, address, telephone number, and employer to whom each incident of bullying, sexual harassment, battery, and/or assault was reported; and

   f. [s]tate the date, time, and place that each incident of bullying, sexual harassment, sexual battery, and/or sexual assault was reported to the individuals identified in subsection (e).

   **ANSWER:**     **I was in Mrs. Esquiance's class and asked to go and grab something from my locker. They (J██████ and his 2 unnamed friends) were at J██'s locker (there was one locker between his and A██'s). I opened my locker and he grabbed my bottom squeezing it and pushed me into the locker. It was all I could do to get away from him as quickly as**

possible. I ran to [the perceived safety] of my class, and just cried. I

The next day we were at a school assembly and as I was walking down the bleachers, he grabbed me again. Ms. Keith noticed this and that I looked distraught and obviously intimidated by the fact that I was required to be near the boys, so I asked Ms. Esquiance to sit by a girl named S███ (away from J███ and his friends) when they were dismissed to go to a meeting about drugs.

I decided to tell my friend O███ because J███'s friend told me at lunch that he was going to do it again and he would "beat him (the friend) up if he told me." Olivia told the teachers after lunch and Ms. Keith and Ms. Esquiance talked to me about it. The following morning, I went to the 6th grade principle, Ms. Pirkle, who took notes about what had happened and said she that would handle it.

I assumed that meant that she was going to call my parents, but she never did *anything*. I was never sent back to Ms. Pirkle to discuss it further. Later that day Ms. Esquiance had me write a statement and she told me that she was going to call the police.

From this point on, no one ever approached me or discussed the matter with me any further. I could only assume they spoke with my parents about it. We were never even told what they were going to do about J███ It wasn't until the next week when Children's Services contacted my mom that she even heard about the whole thing.

Also, please see Document 12, attached hereto and incorporated herein by reference.

16. Identify all physical or mental health care providers, including, but not limited to any physician, psychiatrist, psychologist, social worker, counselor, and/or therapist, from whom you sought or received treatment, counseling, or therapy of any kind at any time concerning any physical or emotional distress, humiliation, pain and suffering, mental anguish or other conditions or injuries that you contend these Defendants caused, continued, or worsened, and, for each, state the individual's name, address and telephone number, type of practice or specialty, the dates for each treatment, the amounts paid for each treatment, the physical or mental condition being treated, any medication

recommended or prescribed and the date(s) when recommended or prescribed, the amounts paid for such medication, and any diagnoses rendered and the date(s) of such diagnoses.

**ANSWER:** **Hiwassee Mental Health Center (Various Physicians)**
**940 S. Ocoee Street**
**Cleveland, TN 37311**

**Following the events complained of in the underlying complaint, Plaintiff A.G. was Prescribed a number of medications that include, but not necessarily limited to:**

1. **Medication:** **Propranolol, 2mg**
   **Prescriber:** **Dr. Troy Gilson**
   **Use:** **Generalized anxiety and nervousness.**

2. **Medication:** **Escitalopram, 5mg**
   **Prescriber:** **Dr. Jason Peter**
   **Use:** **Escitalopram is a medication used to manage and treat major depressive and generalized anxiety disorders.**

17. Please identify all physical or mental health care providers, including, but not limited to any physician, psychiatrist, psychologist, social worker, counselor, and/or therapist, from whom you sought or received treatment, counseling, or therapy of any kind at any time in the last ten (10) years, and, for each, state the individual's name, address and telephone number, type of practice or specialty, the dates for each treatment, the amounts paid for each treatment, the physical or mental condition being treated, any medication recommended or prescribed and the date(s) when recommended or prescribed, the amounts paid for such medication, and any diagnoses rendered and the date(s) of such diagnoses.

**ANSWER:** **Plaintiff A.T. did not need to seek any such help prior to the events complained of in Plaintiffs' Amended Complaint.**

18. In relation to Paragraph 56 of your Amended Complaint, please identify each person

communication, the nature of said communication, and with whom the communication was had. Please provide the name, address, telephone number, and employer of each person identified in this interrogatory.

    **ANSWER:**    **Plaintiff A.T. has had no communication with anyone on the Cleveland City Schools Board of Education.**

## REQUESTS FOR PRODUCTION OF DOCUMENTS

1. All documents identified by you in response to Defendants' First Set of Interrogatories Directed to you.

    **RESPONSE:**    **Document 1 – Mutual No-Contact Order**
                    **Document 2 – Subpoena to Juvenile Court**
                    **Document 3 – Email from Stansel Regarding A.T.'s Poor Performance**
                    **Document 4 – Email from Stansel Advising of Parent/Teacher Conference**
                    **Document 5 – Email from Ingram Acknowledging Receipt of Plaintiff J.G.'s Provision of the No-Contact Order**
                    **Document 6 – J.G.'s Medical Records (1 of 2)**
                    **Document 7 – J.G.'s Medical Records (2 of 2)**
                    **Document 8 – B.G.'s Medical Records**
                    **Document 9 – A.T.'s Medical Records (when available)**
                    **Document 10 – Cleveland Middle School Handbook**
                    **Document 11 – Cleveland Middle School Code of Conduct**
                    **Document 12 – Handwritten Account of First Assault(s)**
                    **Document 13 – Handwritten Account of Grade-Wide Assembly Incident**
                    **Document 14 – Cleveland Title IX Policy Enacted April 2023**
                    **Document 15 – Plaintiff's Initial Disclosures**

2. All documents upon which you relied while responding to Defendants' First Set of Interrogatories directed to you or upon which you intend to rely to support your claims in this Action.

    **RESPONSE**:    **All documents Plaintiffs relied upon while responding to Defendants' First Set of Interrogatories and which Plaintiffs intend to rely upon to support their claims are listed in Request as listed above.**

                    **Any additional documents that come to the attention of Plaintiffs or Plaintiffs' counsel shall be submitted subsequently thereto in accordance with the continuing duty to disclose.**

5. Please produce any and all documents evincing any out-of-pocket expenses you allegedly incurred as a result of the alleged injuries in the above captioned matter.

**RESPONSE:**

**Attending Psychiatrist** – Dr. Lawson Chattanooga VA
Rate of $300 per hour times 12 hours= $3,600.00
12 visits over 3 yrs. taking apprx. 4hrs each
12x3x4 = 144hrs.
144hrs. x $31 (hourly rate) = $4,464
Gas – Roundtrip is 44mx2 = 88 x 4 times a year for 3 years
    (88)(4)(3) = 1,056 > 1,056($0.65) = $686.40
**Total = $8,750.40**

**Attending Psychologist** – Troy Athens VA
Rate of $120 per hour times 12 hours= $1,440.00
One visit a month over a 3 year period is 36 visits, with each
visit taking apprx. 4 hrs. each
36x4 = 144hrs at $31 hr. = $4,464
Gas – Roundtrip is 32mx2 = 64 times 4 times a year and times 3
years so (64x12) then($0.65) = 768m x 0.65 = $499.20
**Total = $6,403.20**

**Attending different school Lake Forest and Polk County High**
Gas to Polk Co. High 12,240 miles (17m x 4)(180)($0.65) =
$7,956, Lake Forest Middle 5,976 miles (8.3mx4)(180)($0.65) =
$3884.40 These are roundtrip 2x a day which is why mileage
one way is multiplied by the number of miles from our house to
each destination times 4.
**Total = $11,840**

**Medication cost**
Lorazepam = $95.00 per month (36) – $3,420.00
Doxepin = $110 per month (36) – $3,960.00
Omeprazole = $100 per month (36) – $3,600.0
Melatonin= 15 per month (36) – $540.00
Lisinopril = $30 per month (36) – $1,080.00
**Total= $24,926.00**

**Time off Work**
Court x2 days off for a total of 16hrs of leave at $31.00 per hour
**Total= $496.00**

**Cumulative Total:** **$8,750.40 + $6,403.20 + $11,840 + $24,926.00 + $496.00 = $61,165.20**

6. All documents relating to any conversation or communication between you and any person that relate to the claims or allegations set forth in your Amended Complaint.

RESPONSE: **Please see those documents as listed in response to Request 1**

7. All documents relating to any communication by Plaintiff, or any person acting on Plaintiffs behalf, with any witness who has knowledge of discoverable matters, concerning the subject matter of this lawsuit, the damages sought in this lawsuit, including equitable, injunctive, or declaratory relief and attorney's fees/costs, the allegations contained in your Amended Complaint or any amendment thereto, and the defenses asserted by Defendants Cleveland City Schools Board of Education, Cleveland Middle School, Leneda.

**RESPONSE: Please see those documents as listed in response to Request 1**

8. A current resume or curriculum vitae for each and every expert Plaintiff expects to call to testify at trial.

**RESPONSE: Plaintiffs have yet to formally retain Dr. Solomon. Once negotiations have been finalized, Plaintiffs shall update Defendants as to this request in accordance with their continuing obligation to disclose.**

9. All documents, including, but not limited to expert reports, prepared by, prepared for, sent to, received from, reviewed by, considered by, or relied upon by any expert Plaintiff expects to call to testify at trial, concerning the subject matter of this lawsuit, the damages sought in this lawsuit, including equitable, injunctive, or declaratory relief and attorney's fees/costs, the allegations contained in your Amended Complaint or any amendment thereto, and the defenses asserted by Defendants Cleveland City Schools Board of

Education, Cleveland Middle School, Leneda Laing, Stephanie Pirkle, Lauren Lastoria, Teny Esquinance, Ashely Keith, and Matthew Ingram.

**RESPONSE: Plaintiffs have yet to formally retain Dr. Solomon. Once negotiations have been finalized, Plaintiffs shall update Defendants as to this request in accordance with their continuing obligation to disclose.**

10. All documents relating to any compensation paid or to be paid by Plaintiff or her representative to each and every expert retained to testify in this case.

**RESPONSE: Please see the above responses regarding the retention of expert witnesses.**

11. Please produce any and all exhibits you intend to utilize at the trial of this cause.

**RESPONSE:** **Document 1 – Mutual No-Contact Order**
**Document 2 – Subpoena to Juvenile Court**
**Document 3 – Email from Stansel Regarding A.T.'s Poor Performance**
**Document 4 – Email from Stansel Advising of Parent/Teacher Conference**
**Document 5 – Email from Ingram Acknowledging Receipt of Plaintiff J.G.'s Provision of the No-Contact Order**
**Document 6 – J.G.'s Medical Records (1 of 2)**
**Document 7 – J.G.'s Medical Records (2 of 2)**
**Document 8 – B.G.'s Medical Records**
**Document 9 – A.T.'s Medical Records (when available)**
**Document 10 – Cleveland Middle School Handbook**
**Document 11 – Cleveland Middle School Code of Conduct**
**Document 12 – Handwritten Account of First Assault(s)**
**Document 13 – Handwritten Account of Grade-Wide Assembly Incident**
**Document 14 – Cleveland Title IX Policy Enacted April 2023**

**Any additional documents that would conceivably be introduced at trial will be submitted to update this request in accordance with Plaintiffs' continuing duty to disclose.**

12. Please produce any and all documents or tangible things obtained from the Cleveland City Schools Board of Education related to the subject matter of your lawsuit, the damages sought in this lawsuit, including equitable, injunctive, and declaratory relief and attorney's fees/costs, the allegations contained in your Amended Complaint or any

**OATH**

STATE OF TENNESSEE              )
                                           )

COUNTY OF _Polk_              )

A███ T███, having been duly sworn according to law, makes oath that she has read

the foregoing Answers to Defendants' First Set of Interrogatories propounded to Plaintiff A.T.,

and that the facts set forth therein are true to the best of her knowledge, information and belief as

of the date of filing.



A███ T███

Subscribed and sworn to before me this **2 6** day of June 2023.



_Keesha N. Curtis_
Notary Public

My Commission Expires: _07-07-2026_

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE
at CHATTANOOGA

A.T., a minor student, by and through her
parents and next friends, B.G. and J.G., and
B.G. and J.G. in their individual capacities,

*Plaintiffs*,

v.

CLEVELAND CITY SCHOOLS BOARD
OF EDUCATION; CLEVELAND
MIDDLE SCHOOL; MS LENEDA
LAING, in both her individual and official
capacity as Principal of Cleveland Middle
School; MS. STEPHANIE PIRKLE, in her
both her individual official capacity as
Vice-Principal of Cleveland Middle
School; MS. LAUREN LASTORIA, in her
individual and official capacity as the 6th
Grade Counselor at Cleveland Middle
School; MS. TENY ESQUIANCE, in her
individual and official capacity as A.T.'s
Homeroom Teacher; and MS. ASHLEY
KEITH, in both her individual and official
capacity as A.T.'s Math Teacher, and MR.
MATT INGRAM, in both his individual
and official capacities as the 7th grade vice-
principal,

*Defendants*.

Case No. Case No. 1:22-cv-00110

JURY DEMAND

---

**PLAINTIFF B.G.'s RESPONSES TO DEFENDANTS FIRST SET OF
INTERROGATORIES AND REQUEST FOR PRODUCTION OF DOCUMENTS**

---

**COMES NOW** Plaintiff, B.G., by and through the undersigned counsel, and, pursuant to

Rules 26 and 33 of the *Federal Rules of Civil Procedure*, hereby responds to Defendants' First Set

of Interrogatories and Requests for Production of Document Propounded to Plaintiff B.G. In

response to said Interrogatories and Requests, Plaintiff B.G. states as follows:

1

**ANSWER:** Plaintiffs are not in possession of any photographs, motion pictures, drawings, diagrams, or recordings concerning the allegations underlying this cause of action.

As to statements, Plaintiffs have provided copies of the handwritten accounts of the allegations underlying this complaint, as well as transcriptions of the same for the reader's convenience.

Additionally, Following the sexual assaults on A.T., Defendants instructed and compelled A.T. to write out and execute a statement as to said assaults in the absence of a parent of guardian.

10. Identify each person whom you intend to call as a witness at the trial in this matter, providing each such person's name, address, telephone number, employer, and the general subject matter of the expected testimony.

| **ANSWER:** | **Stephen Rogers** | **Bradley County Juvenile Court Youth Services Officer and Junior Varsity Softball Coach at Cleveland Middle School. Mr. Rogers will testify as to the juvenile court proceeding and confirm that at no point were Plaintiffs B.G. and J.G. were ever notified of the sexual assault of A.T.** |
|---|---|---|
| | **Jim Stansel** | **Mr. Stansel was Plaintiff A.T.'s Science teacher and will attest to A.T.'s failing and unsatisfactory performance subsequent to the assault and intentional indifference on the part of Defendants.** |
| | **All Defendants** | **All Defendants named in this matter regarding all aspects of their respective knowledge and participation in the events underpinning this cause of action.** |
| | **DA Cody Wamp** | **DA Wamp will testify as to the juvenile proceedings and the voluminous juvenile record of A.T.'s assailant and that the incident at issue was not the first time the assailant had been before that judicial body for like offenses.** |

11. Please state the name and address of each person whom you expect to call as an expert witness at the trial of this cause and attach a copy of a current curriculum vitae or other document which states the expert's qualifications. For each expert whom you intend to call at the trial of this cause, please state:
   (a) The technical field in which you claim they are an expert;
   (b) The subject matter on which each expert is expected to testify;
   (c) The substance of the facts to which each expert witness is expected to testify;
   (d) All writings, documents and other sources of information which you or someone on your behalf have provided to each expert witness;
   (e) The substance of the opinions to which each expert witness is expected to

5

testify;

(f) A summary of the grounds of each opinion;

(g) the witness' qualifications, including, but not limited to, a list of all publications authored by the witness;

(h) a list of all cases in which, during the previous four years, the witness testified as an expert; and a statement of the compensation to be paid for the study and testimony in this case.

**ANSWER:** **Should this matter proceed to trial, Plaintiffs anticipate calling Allen Lee Solomon, M.D. Dr. Solomon attended The University of Tennessee and graduated from the UT School of Medicine in Memphis. He completed his residency in Psychiatry at Vanderbilt University in Nashville. He is Board Certified in both Adult and Adolescent Psychiatry. His special areas of interest are panic and anxiety disorders. He treats adolescents through adults, and has previously served as an expert witness by the Eleventh Judicial District of the State of Tennessee.**

**He and his wife own and manage Behavioral Health Associates, P.C., located at 6216 Airpark Drive, Chattanooga, Tennessee 37421.**

**Once Plaintiffs finalize their discussions with Dr. Solomon and formally retain him as an expert witness, Plaintiffs shall update Defendants accordingly.**

12. Identify each and every e-mail account used by Plaintiff to send or receive messages and every telephone number for each and every telephone (including mobile phone) used by Plaintiff to make or receive calls or send or receive text messages for the past five years.

**ANSWER:** **Email:**
**Phone:** ████████████████

13. Identify all social media sites (including but not limited to Facebook, Twitter, YouTube, Linkedin, Instagram, Snapchat, and TikTok) for which you have or had an account at any time over the past five years.

**ANSWER:** **Plaintiff B.G. does not have any sort of social media.**

14. Please itemize each and every out-of-pocket loss or damages you claim were caused by these Defendants, including but not limited to:

(a) a list of all cases in which, during the previous four years, the witness testified as an expert; and a statement of the compensation to be paid for the study and testimony in this case

(b) Expenses for past and future medical care, treatment and prescription drugs or medication;

(c) Lost wages, past, present, or future;

(d) Any other tangible pecuniary loss.

6

ANSWER:        **Attending Psychiatrist** – Dr. Lawson Chattanooga VA
Rate of $300 per hour times 12 hours= $3,600.00
12 visits over 3 yrs. taking apprx. 4hrs each
$12 \times 4 = 144$hrs.
144hrs. x $31 (hourly rate) = $4,464
Gas – Roundtrip is 44mx2 = 88 x 4 times a year for 3 years
$(88)(4)(3) = 1,056 > 1,056($0.65$) = $686.40$
**Total = $8,750.40**

**Attending Psychologist** – Troy Athens VA
Rate of $120 per hour times 12 hours= $1,440.00
One visit a month over a 3 year period is 36 visits, with each
visit taking apprx. 4 hrs. each
$36 \times 4 = 144$hrs at $31 hr. = $4,464
Gas – Roundtrip is 32mx2 = 64 times 4 times a year and times 3
years so $(64 \times 12)$ then($0.65$) = $768$m x $0.65 = $499.20
**Total = $6,403.20**

**Attending different school Lake Forest and Polk County High**
Gas to Polk Co. High 12,240 miles $(17$m x 4$)(180)($0.65$) = $7,956,
Lake Forest Middle 5,976 miles $(8.3$mx4$)(180)($0.65$) = $3884.40
These are roundtrip 2x a day which is why mileage one way is
multiplied by the number of miles from our house to each destination
times 4.
**Total = $11,840**

**Medication cost**
Lorazepam = $95.00 per month (36) – $3,420.00
Doxepin = $110 per month (36) – $3,960.00
Omeprazole = $100 per month (36) – $3,600.0
Melatonin= 15 per month (36) – $540.00
Lisinopril = $30 per month (36) – 1,080.00
**Total= $24,926.00**

**Time off Work**
Court x2 days off for a total of 16hrs of leave at $31.00 per hour
**Total= $496.00**

Cumulative Total:    **$8,750.40 + $6,403.20 + $11,840 + $24,926.00 + $496.00 = <u>$61,165.20</u>**

15.    Identify all physical or mental health care providers, including, but not limited to any physician, psychiatrist, psychologist, social worker, counselor, and/or therapist, from whom you sought or received treatment, counseling, or therapy of any kind at any time concerning any physical or emotional distress, humiliation, pain and suffering, mental

7

## REQUEST FOR PRODUCTION OF DOCUMENTS

1.  All documents identified by you in response to Defendants' First Set of Interrogatories Directed to you.

    **RESPONSE:**  **Document 1 – Mutual No-Contact Order**
    **Document 2 – Subpoena to Juvenile Court**
    **Document 3 – Email from Stansel Regarding A.T.'s Poor Performance**
    **Document 4 – Email from Stansel Advising of Parent/Teacher Conference**
    **Document 5 – Email from Ingram Acknowledging Receipt of Plaintiff J.G.'s Provision of the No-Contact Order**
    **Document 6 – J.G.'s Medical Records (1 of 2)**
    **Document 7 – J.G.'s Medical Records (2 of 2)**
    **Document 8 – B.G.'s Medical Records**
    **Document 9 – A.T.'s Medical Records (when available)**
    **Document 10 – Cleveland Middle School Handbook**
    **Document 11 – Cleveland Middle School Code of Conduct**
    **Document 12 – Handwritten Account of First Assault(s)**
    **Document 13 – Handwritten Account of Grade-Wide Assembly Incident**
    **Document 14 – Cleveland Title IX Policy Enacted April 2023**
    **Document 15 – Plaintiff's Initial Disclosures**

2.  All documents upon which you relied while responding to Defendants' First Set of Interrogatories directed to you or upon which you intend to rely to support your claims in this Action.

    **RESPONSE:**  **All documents Plaintiffs relied upon while responding to Defendants' First Set of Interrogatories and which Plaintiffs intend to rely upon to support their claims are listed in Response 1.**

    **Any additional documents that come to the attention of Plaintiffs or Plaintiffs counsel shall be submitted subsequently thereto in accordance with the continuing duty to disclose.**

3.  All documents relating to the subject matter of this lawsuit, the damages sought in this lawsuit, including equitable, injunctive, or declaratory relief and attorney's fees/costs, the allegations contained in your Second Amended Complaint or any amendment thereto, and the defenses asserted by Defendants Cleveland City Schools Board of Education, Cleveland Middle School, Leneda Laing, Stephanie Pirkle, Lauren Lastoria, Teny Esquinance, Ashely Keith, and Matt Ingram.

    **RESPONSE: Please see those documents listed in response to Request 1 as seen above. Any additional documents that may come to the attention of Plaintiffs or Plaintiffs'**

9

**The questions posed above shall determine the appropriate damage amount.**

5.      Please produce any and all documents evincing any out-of-pocket expenses you allegedly incurred as a result of the alleged injuries in the above captioned matter.

RESPONSE:        **Attending Psychiatrist** – Dr. Lawson Chattanooga VA
                Rate of $300 per hour times 12 hours= $3,600.00
                12 visits over 3 yrs. taking apprx. 4hrs each
                12x3x4 = 144hrs.
                144hrs. x $31 (hourly rate) = $4,464
                Gas – Roundtrip is 44mx2 = 88 x 4 times a year for 3 years
                    (88)(4)(3) = 1,056 > 1,056($0.65) = $686.40
                **Total = $8,750.40**

                **Attending Psychologist** – Troy Athens VA
                Rate of $120 per hour times 12 hours= $1,440.00
                One visit a month over a 3 year period is 36 visits, with each
                visit taking apprx. 4 hrs. each
                36x4 = 144hrs at $31 hr. = $4,464
                Gas – Roundtrip is 32mx2 = 64 times 4 times a year and times 3
                years so (64x12) then($0.65) = 768m x 0.65 = $499.20
                **Total = $6,403.20**

                **Attending different school Lake Forest and Polk County High**
                Gas to Polk Co. High 12,240 miles (17m x 4)(180)($0.65) =
                $7,956, Lake Forest Middle 5,976 miles (8.3mx4)(180)($0.65) =
                $3884.40 These are roundtrip 2x a day which is why mileage
                one way is multiplied by the number of miles from our house to
                each destination times 4.
                **Total = $11,840**

                **Medication cost**
                Lorazepam = $95.00 per month (36) – $3,420.00
                Doxepin = $110 per month (36) – $3,960.00
                Omeprazole = $100 per month (36) – $3,600.0
                Melatonin= 15 per month (36) – $540.00
                Lisinopril = $30 per month (36) – $1,080.00
                **Total= $24,926.00**

                **Time off Work**
                Court x2 days off for a total of 16hrs of leave at $31.00 per hour
                **Total= $496.00**

12

**Cumulative Total:** $8,750.40 + $6,403.20 + $11,840 + $24,926.00 + $496.00 = <u>**$61,165.20**</u>

6.      Please produce any and all federal income tax returns from 2017 to the present date.

      **RESPONSE: Objection. Plaintiff objects to the entirety of this request because it is not reasonably calculated to lead to admissible evidence. Instead, it was filed for the purpose of harassing, oppressing, embarrassing and annoying by seeking discovery of matters that have zero relevance to this lawsuit.**

      **Plaintiff B.G.'s tax returns have no bearing on whether Defendants complied with Title IX or any other allegation contained in the underlying Complaint.**

7.      All documents relating to any conversation or communication between you and any person that relate to the claims or allegations set forth in your Second Amended Complaint.

      **RESPONSE: Please see those documents as listed in response to Request 1.**

8.      All documents relating to any communication by Plaintiff, or any person acting on Plaintiff's behalf, with any witness who has knowledge of discoverable matters, concerning the subject matter of this lawsuit, the damages sought in this lawsuit, including equitable, injunctive, or declaratory relief and attorney's fees/costs, the allegations contained in your Second Amended Complaint or any amendment thereto, and the defenses asserted by Defendants Cleveland City Schools Board of Education, Cleveland Middle School, Leneda Laing, Stephanie Pirkle, Lauren Lastoria, Teny Esquinance, Ashely Keith, and Matt Ingram.

      **RESPONSE: Please see those documents as listed in response to Request 1.**

9.      A current resume or curriculum vitae for each and every expert Plaintiff expects to call to testify at trial.

      **RESPONSE: Plaintiffs have yet to formally retain Dr. Solomon. Once negotiations have been finalized, Plaintiffs shall update Defendants as to this request in accordance with their continuing obligation to disclose.**

10.     All documents, including, but not limited to expert reports, prepared by, prepared for, sent to, received from, reviewed by, considered by, or relied upon by any expert Plaintiff expects to call to testify at trial, concerning the subject matter of this lawsuit, the damages sought in this lawsuit, including equitable, injunctive, or declaratory relief and attorney's fees/costs, the allegations contained in your Second Amended Complaint or any

13

amendment thereto, and the defenses asserted by Defendants Cleveland City Schools Board of Education, Cleveland Middle School, Leneda Laing, Stephanie Pirkle, Lauren Lastoria, Teny Esquinance, Ashely Keith, and Matt Ingram.

**RESPONSE: Plaintiffs have yet to formally retain Dr. Solomon. Once negotiations have been finalized, Plaintiffs shall update Defendants as to this request in accordance with their continuing obligation to disclose.**

11.   All documents relating to any compensation paid or to be paid by Plaintiff or her representative to each and every expert retained to testify in this case.

**RESPONSE: Plaintiffs have yet to formally retain Dr. Solomon. Once negotiations have been finalized, Plaintiffs shall update Defendants as to this request in accordance with their continuing obligation to disclose.**

12.   Please produce any and all exhibits you intend to utilize at the trial of this cause.

**RESPONSE:**      **Document 1 – Mutual No-Contact Order**
**Document 2 – Subpoena to Juvenile Court**
**Document 3 – Email from Stansel Regarding A.T.'s Poor Performance**
**Document 4 – Email from Stansel, Re: Parent/Teacher Conference**
**Document 5 – Email from Ingram Acknowledging Receipt of Plaintiff J.G.'s Provision of the No-Contact Order**
**Document 6 – J.G.'s Medical Records (1 of 2)**
**Document 7 – J.G.'s Medical Records (2 of 2)**
**Document 8 – B.G.'s Medical Records**
**Document 9 – A.T.'s Medical Records (when available)**
**Document 10 – Cleveland Middle School Handbook**
**Document 11 – Cleveland Middle School Code of Conduct**
**Document 12 – Handwritten Account of First Assault(s)**
**Document 13 – Handwritten Accounts of the Assaults**
**Document 14 – Cleveland Title IX Policy Enacted April 2023**
**Document 15 – Plaintiff's Initial Disclosures**

**Any additional documents that would conceivably be introduced at trial will be submitted to update this request in accordance with Plaintiffs' continuing duty to disclose.**

13.   Please produce any and all documents or tangible things obtained from the Cleveland City Schools Board of Education related to the subject matter of your lawsuit, the damages sought in this lawsuit, including equitable, injunctive, and declaratory relief and attorney's fees/costs, the allegations contained in your Second Amended Complaint or any amendment thereto, and the defenses asserted by Defendants Cleveland City Schools Board of Education, Cleveland Middle School, Leneda Laing, Stephanie Pirkle, Lauren Lastoria, Teny Esquinance, Ashely Keith, and Matt Ingram.

14

## OATH

STATE OF TENNESSEE           )
                                      )

COUNTY OF _Polk_            )

        B█ G█ having been duly sworn according to law, makes oath that she has read the foregoing Answers to Defendants' First Set of Interrogatories propounded to Plaintiff B.G., and that the facts set forth therein are true to the best of her knowledge, information and belief as of the date of filing.



B█ G█

Subscribed and sworn to before me this _2 6_ day of June 2023.



_____
Notary Public

My Commission Expires: _07-07-2026_

A.T., a minor student, by and through her
parents and next friends, B.G. and J.G., and
B.G. and J.G. in their individual capacities,

*Plaintiffs*,

v.

CLEVELAND CITY SCHOOLS BOARD
OF EDUCATION; CLEVELAND
MIDDLE SCHOOL; MS LENEDA
LAING, in both her individual and official
capacity as Principal of Cleveland Middle
School; MS. STEPHANIE PIRKLE, in her
both her individual official capacity as
Vice-Principal of Cleveland Middle
School; MS. LAUREN LASTORIA, in her
individual and official capacity as the 6th
Grade Counselor at Cleveland Middle
School; MS. TENY ESQUIANCE, in her
individual and official capacity as A.T.'s
Homeroom Teacher; and MS. ASHLEY
KEITH, in both her individual and official
capacity as A.T.'s Math Teacher, and MR.
MATT INGRAM, in both his individual
and official capacities as the 7th grade vice-
principal,

*Defendants*.

Case No. 1:22-cv-00110

JURY DEMAND

---

**PLAINTIFF J.G.'s ANSWERS AND RESPONSES TO DEFENDANTS' FIRST SET OF
INTERROGATORIES AND REQUESTS FOR PRODUCTION OF DOCUMENTS**

---

      **COMES NOW** Plaintiff, J.G., by and through the undersigned counsel, and, pursuant to

Rules 26 and 33 of the *Federal Rules of Civil Procedure*, hereby responds to Defendants' First Set

of Interrogatories and Requests for Production of Documents Propounded to Plaintiff J.G. In

response to said Interrogatories and Requests, Plaintiff J.G. states as follows:

**compelled A.T. to write out and execute a statement as to said assaults in the absence of a parent of guardian.**

10. Identify each person whom you intend to call as a witness at the trial in this matter, providing each such person's name, address, telephone number, employer, and the general subject matter of the expected testimony.

| ANSWER: | Stephen Rogers | **Bradley County Juvenile Court Youth Services Officer and Junior Varsity Softball Coach at Cleveland Middle School. Mr. Rogers will testify as to the juvenile court proceeding and confirm that at no point were Plaintiffs B.G. and J.G. were ever notified of the sexual assault of A.T.** |
|---|---|---|
| | Jim Stansel | **Mr. Stansel was Plaintiff A.T.'s Science teacher and will attest to A.T.'s failing and unsatisfactory performance subsequent to the assault and intentional indifference on the part of Defendants.** |
| | All Defendants | **All Defendants named in this matter regarding all aspects of their respective knowledge and participation in the events underpinning this cause of action.** |
| | DA Cody Wamp | **DA Wamp will testify as to the juvenile proceedings and the voluminous juvenile record of A.T.'s assailant and that the incident at issue was not the first time the assailant had been before that judicial body for like offenses.** |

11. Please state the name and address of each person whom you expect to call as an expert witness at the trial of this cause and attach a copy of a current curriculum vitae or other document which states the expert's qualifications. For each expert whom you intend to call at the trial of this cause, please state:

   a. [t]he technical field in which you claim they are an expert;

   b. [t]he subject matter on which each expe1i is expected to testify;

   c. [t]he substance of the facts to which each expert witness is expected to testify;

   d. [a]ll writings, documents and other sources of information which you or someone on your behalf have provided to each expert witness;

e. [t]he substance of the opinions to which each expert witness is expected to testify;

f. [a] [summary] of the grounds of each opinion;

g. the witness' qualifications, including, but not limited to, a list of all publications authored by the [witness];

h. a list of all cases in which, during the previous four years, the witness testified as an expert; and

i. a statement of the compensation to be paid for the study and testimony in this case.

**ANSWER:** **Should this matter proceed to trial, Plaintiffs anticipate calling Allen Lee Solomon, M.D. Dr. Solomon attended The University of Tennessee and graduated from the UT School of Medicine in Memphis. He completed his residency in Psychiatry at Vanderbilt University in Nashville. He is Board Certified in both Adult and Adolescent Psychiatry. His special areas of interest are panic and anxiety disorders. He treats adolescents through adults, and has previously served as an expert witness by the Eleventh Judicial District of the State of Tennessee.**

**He and his wife own and manage Behavioral Health Associates, P.C., located at 6216 Airpark Drive, Chattanooga, Tennessee 37421.**

**Once Plaintiffs finalize their discussions with Dr. Solomon and formally retain him as an expert witness, Plaintiffs shall update Defendants accordingly.**

12. Identify each and every e-mail account used by Plaintiff to send or receive messages and every telephone number for each and every telephone (including mobile phone) used by Plaintiff to make or receive calls or send or receive text messages for the past five years.

**ANSWER:** Email –
Phone –

13. Identify all social media sites (including but not limited to Facebook, Twitter, YouTube,

LinkedIn, Instagram, Snapchat, and TikTok) for which you have or had an account at any time over the past five years.

**ANSWER:** **Plaintiff J.G. does not have any sort of social media.**

14. Please itemize each and every out-of-pocket loss or damages you claim were caused by these Defendants, including but not limited to:

    a. [e]xpenses for past and future medical care, treatment and prescription drugs or medication;

    b. [l]ost wages, past, present or future; [and]

    c. [a]ny other tangible pecuniary loss.

**ANSWER:**    **Attending Psychiatrist** – Dr. Lawson Chattanooga VA
                    Rate of \$300 per hour times 12 hours= \$3,600.00
                    12 visits over 3 yrs. taking apprx. 4hrs each
                    12x3x4 = 144hrs.
                    144hrs. x \$31 (hourly rate) = \$4,464
                    Gas – Roundtrip is 44mx2 = 88 x 4 times a year for 3 years
                        (88)(4)(3) = 1,056 > 1,056(\$0.65) = \$686.40
                    **Total = \$8,750.40**

                    **Attending Psychologist** – Troy Athens VA
                    Rate of \$120 per hour times 12 hours= \$1,440.00
                    One visit a month over a 3 year period is 36 visits, with each
                    visit taking apprx. 4 hrs. each
                    36x4 = 144hrs at \$31 hr. = \$4,464
                    Gas – Roundtrip is 32mx2 = 64 times 4 times a year and times 3
                    years so (64x12) then(\$0.65) = 768m x 0.65 = \$499.20
                    **Total = \$6,403.20**

        **Attending different school Lake Forest and Polk County High**
                    Gas to Polk Co. High 12,240 miles (17m x 4)(180)(\$0.65) = \$7,956,
                    Lake Forest Middle 5,976 miles (8.3mx4)(180)(\$0.65) = \$3884.40
                    These are roundtrip 2x a day which is why mileage one way is
                    multiplied by the number of miles from our house to each destination
                    times 4.
                    **Total = \$11,840**

**Medication cost**
Lorazepam = $95.00 per month (36) – $3,420.00
Doxepin = $110 per month (36) – $3,960.00
Omeprazole = $100 per month (36) – $3,600.0
Melatonin= 15 per month (36) – $540.00
Lisinopril = $30 per month (36) – $1,080.00
**Total= $24,926.00**

**Time off Work**
Court x2 days off for a total of 16hrs of leave at $31.00 per hour
**Total= $496.00**

**Cumulative Total:     $8,750.40 + $6,403.20 + $11,840 + $24,926.00 + $496.00 = <u>$61,165.20</u>**

15. Identify all physical or mental health care providers, including, but not limited to any physician, psychiatrist, psychologist, social worker, counselor, and/or therapist, from whom you sought or received treatment, counseling, or therapy of any kind at any time concerning any physical or emotional distress, humiliation, pain and suffering, mental anguish or other conditions or injuries that you contend these Defendants caused, continued, or worsened, and, for each, state the individual's name, address and telephone number, type of practice or specialty, the dates for each treatment, the amounts paid for each treatment, the physical or mental condition being treated, any medication recommended or prescribed and the date(s) when recommended or prescribed, the amounts paid for such medication, and any diagnoses rendered and the date(s) of such diagnoses.

**ANSWER:      Please see the attached records from the Veteran Administration attached hereto as Doc. 6.**

16. Please identify all physical or mental health care providers, including, but not limited to any physician, psychiatrist, psychologist, social worker, counselor, and/or therapist, from whom you sought or received treatment, counseling, or therapy of any kind at any

## REQUESTS FOR PRODUCTION OF DOCUMENTS

1. All documents identified by you in response to Defendants' First Set of Interrogatories Directed to you.

   **RESPONSE:**        Document 1 – Mutual No-Contact Order
   Document 2 – Subpoena to Juvenile Court
   Document 3 – Email from Stansel Regarding A.T.'s Poor Performance
   Document 4 – Email from Stansel Advising of Parent/Teacher Conference
   Document 5 – Email from Ingram Acknowledging Receipt of Plaintiff J.G.'s
           Provision of the No-Contact Order
   Document 6 – J.G.'s Medical Records (1 of 2)
   Document 7 – J.G.'s Medical Records (2 of 2)
   Document 8 – B.G.'s Medical Records
   Document 9 – A.T.'s Medical Records (when available)
   Document 10 – Cleveland Middle School Handbook
   Document 11 – Cleveland Middle School Code of Conduct
   Document 12 – Handwritten Account of First Assault(s)
   Document 13 – Handwritten Account of Grade-Wide Assembly Incident
   Document 14 – Cleveland Title IX Policy Enacted April 2023
   Document 15 – Plaintiff's Initial Disclosures

2. All documents upon which you relied while responding to Defendants' First Set of Interrogatories directed to you or upon which you intend to rely to support your claims in this Action.

   **RESPONSE:**        **All documents Plaintiffs relied upon while responding to Defendants' First Set of Interrogatories and which Plaintiffs intend to rely upon to support their claims are listed in Response 1.**

           **Any additional documents that come to the attention of Plaintiffs or Plaintiffs' counsel shall be submitted subsequently thereto in accordance with the continuing duty to disclose.**

3. All documents relating to the subject matter of this lawsuit, the damages sought in this lawsuit, including equitable, injunctive, or declaratory relief and attorney's fees/costs, the allegations contained in your Amended Complaint or any amendment thereto, and the defenses asserted by Defendants Cleveland City Schools Board of Education, Cleveland

describing or reflecting the method you used to calculate such damages or other relief.

**RESPONSE:** Please see those documents listed in response to Request 1 as seen above. Any additional documents that may come to the attention of Plaintiffs or Plaintiffs' counsel shall be submitted upon receipt of the same in accordance with Plaintiffs' continuing duty to disclose.

The damages sought in this matter are both tangible and intangible. Plaintiffs seek not only compensatory damages for the harm they've incurred, but also systemic reform throughout the Cleveland City Schools system. They seek a robust Title IX audit of any and all education, procedures, protocols, recommended responses, and all other aspects of addressing any event that may touch on Title IX with respect to Cleveland City Schools.

The injuries sustained by Plaintiffs, could potentially last for an indeterminable amount of time, particularly with respect to Plaintiff A.T., will result in prolonged psychiatric care, conceivably for the rest of her life. She will conceivably have to relive this experience an indeterminable amount of time.

As to Plaintiff A.T. in particular, the injuries sustained as a result of Defendants' actions and inactions will affect her relationships with every man in her life from this point forward. It will conceivably affect her dating life, her friendships, and possibly even relationships with male members of her family.

As to ascribing a dollar figure to this, one must merely as a simple question: <u>"How much is a young girl's innocence worth</u>?" That answer to that question alone will be the primary means by which appropriate damages will be determined.

It will affect her relationships with every man in her life from this point forward. It will conceivably affect her dating life, her friendships, and possibly even relationships, platonic or otherwise, and even with male members of her family.

As to Plaintiffs J.G. and B.G., damages will be determined by the facts themselves. As above, a question will guide the determination, which is essentially <u>"how much compensation does it take to make whole a parent that was unable and powerless to protect their child</u>", particularly when sending them to an educational institution at which their children are supposedly protected and looked out for? <u>How much is a mother's broken heart worth</u>?"

The questions posed above shall determine the appropriate damage amount.

5. Please produce any and all documents evincing any out-of-pocket expenses you allegedly indicted as a result of the alleged injuries in the above captioned matter.

**RESPONSE:**    **Attending Psychiatrist** – Dr. Lawson Chattanooga VA
Rate of $300 per hour times 12 hours= $3,600.00
12 visits over 3 yrs. taking apprx. 4hrs each
12x3x4 = 144hrs.

144hrs. x $31 (hourly rate) = $4,464
Gas – Roundtrip is 44mx2 = 88 x 4 times a year for 3 years
(88)(4)(3) = 1,056 > 1,056($0.65) = $686.40
**Total = $8,750.40**

**Attending Psychologist** – Troy Athens VA
Rate of $120 per hour times 12 hours= $1,440.00
One visit a month over a 3 year period is 36 visits, with each
visit taking apprx. 4 hrs. each
36x4 = 144hrs at $31 hr. = $4,464
Gas – Roundtrip is 32mx2 = 64 times 4 times a year and times 3
years so (64x12) then($0.65) = 768m x 0.65 = $499.20
**Total = $6,403.20**

**Attending different school Lake Forest and Polk County High**
Gas to Polk Co. High 12,240 miles (17m x 4)(180)($0.65) =
$7,956, Lake Forest Middle 5,976 miles (8.3mx4)(180)($0.65) =
$3884.40 These are roundtrip 2x a day which is why mileage
one way is multiplied by the number of miles from our house to
each destination times 4.
**Total = $11,840**

**Medication cost**
Lorazepam = $95.00 per month (36) – $3,420.00
Doxepin = $110 per month (36) – $3,960.00
Omeprazole = $100 per month (36) – $3,600.0
Melatonin= 15 per month (36) – $540.00
Lisinopril = $30 per month (36) – $1,080.00
**Total= $24,926.00**

**Time off Work**
Court x2 days off for a total of 16hrs of leave at $31.00 per hour
**Total= $496.00**

**Cumulative Total:** **$8,750.40 + $6,403.20 + $11,840 + $24,926.00 + $496.00 = $61,165.20**

6. Please produce any and all federal income tax returns from 2018 to the present date.

RESPONSE: **Objection. Plaintiff objects to the entirety of this request because it is not reasonably calculated to lead to admissible evidence. Instead, it was filed for the purpose of harassing, oppressing, embarrassing and annoying by seeking discovery of matters that have zero relevance to this lawsuit.**

**Plaintiff J.G.'s tax returns have no bearing on whether Defendants complied with Title IX or any other allegation contained in the underlying Complaint.**

7.  All documents relating to any conversation or communication between you and any person that relate to the claims or allegations set forth in your Amended Complaint.

**RESPONSE:** **Please see those documents as listed in response to Request 1.**

8.  All documents relating to any communication by Plaintiff, or any person acting on Plaintiff's behalf, with any witness who has knowledge of discoverable matters, concerning the subject matter of this lawsuit, the damages sought in this lawsuit, including equitable, injunctive, or declaratory relief and attorney's fees/costs, the allegations contained in your Amended Complaint or any amendment thereto, and the defenses asserted by Defendants Cleveland City Schools Board of Education, Cleveland Middle School, Leneda Laing, Stephanie Pirkle, Lauren Lastoria, [Teny] Esquinance, Ashely Keith, and Matthew Ingram.

**RESPONSE:** **Please see those documents listed in response to Request 1.**

9.  A current resume or curriculum vitae each and every expert Plaintiff expects to call to testify at trial.

**RESPONSE:** **Plaintiffs have yet to formally retain Dr. Solomon. Once negotiations have been finalized, Plaintiffs shall update Defendants as to this request in accordance with their continuing obligation to disclose.**

10. All documents, including, but not limited to expert reports, prepared by, prepared for, sent to, received from, reviewed by, considered by, or relied upon by any expert Plaintiff expects to call to testify at trial, concerning the subject matter of this lawsuit, the damages sought in this lawsuit, including equitable, injunctive, or declaratory relief and attorney's fees/costs, the allegations contained in your Amended Complaint or any amendment thereto, and the defenses asserted by Defendants Cleveland City Schools

Board of Education, Cleveland Middle School, Leneda Laing, Stephanie Pirkle, Lauren Lastoria, Teny Esquinance, Ashely Keith, and Matthew Ingram.

**RESPONSE:** **Plaintiffs have yet to formally retain Dr. Solomon. Once negotiations have been finalized, Plaintiffs shall update Defendants as to this request in accordance with their continuing obligation to disclose.**

11. All documents relating to any compensation paid or to be paid by Plaintiff or his representative to each and every expert retained to testify in this case.

**RESPONSE:** **Plaintiffs have yet to formally retain Dr. Solomon. Once negotiations have been finalized, Plaintiffs shall update Defendants as to this request in accordance with their continuing obligation to disclose.**

12. Please produce any and all exhibits you intend to utilize at the trial of this cause.

**RESPONSE:**     **Document 1 – Mutual No-Contact Order**
**Document 2 – Subpoena to Juvenile Court**
**Document 3 – Email from Stansel Regarding A.T.'s Poor Performance**
**Document 4 – Email from Stansel Advising of Parent/Teacher Conference**
**Document 5 – Email from Ingram Acknowledging Receipt of Plaintiff J.G.'s Provision of the No-Contact Order**
**Document 6 – J.G.'s Medical Records (1 of 2)**
**Document 7 – J.G.'s Medical Records (2 of 2)**
**Document 8 – B.G.'s Medical Records**
**Document 9 – A.T.'s Medical Records (when available)**
**Document 10 – Cleveland Middle School Handbook**
**Document 11 – Cleveland Middle School Code of Conduct**
**Document 12 – Handwritten Account of First Assault(s)**
**Document 13 – Handwritten Account of Grade-Wide Assembly Incident**
**Document 14 – Cleveland Title IX Policy Enacted April 2023**
**Document 15 – Plaintiff's Initial Disclosures**

**Any additional documents that would conceivably be introduced at trial will be submitted to update this request in accordance with Plaintiffs' continuing duty to disclose.**

13. Please produce any and all documents or tangible things obtained from the Cleveland City Schools Board of Education related to the subject matter of your lawsuit, the damages sought in this lawsuit, including equitable, injunctive, and declaratory relief and attorney's fees/costs, the allegations contained in your Amended Complaint or any amendment thereto, and the defenses asserted by Defendants Cleveland City Schools

## OATH

STATE OF TENNESSEE          )
                                  )

COUNTY OF __Polk__        )

       J█████ G███, having been duly sworn according to law, makes oath that she has read the foregoing Answers to Defendants' First Set of Interrogatories propounded to Plaintiff J.G., and that the facts set forth therein are true to the best of her knowledge, information and belief as of the date of filing.



J████ G███

Subscribed and sworn to before me this __2 6__ day of June 2023.



_Keesha N. Curtis_
Notary Public

My Commission Expires: __07-07-2026__