UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE

| | |
|---|---|
| A.T., *et al.*, | ) |
| | ) |
| *Plaintiffs*, | ) Case No. 1:22-CV-110-TAV-SKL |
| | ) |
| v. | ) |
| | ) |
| Cleveland City Schools Board of Education, *et al.*, | ) |
| | ) |
| *Defendants*. | ) |

**FINDINGS OF THE CLERK**

Defendants Cleveland City Schools Board of Education, *et al.*, filed a Bill of Costs against Plaintiffs, A.T., *et al.*, in the amount of $2,431.90 on October 1, 2024. [Doc. 1]. The Plaintiffs have not filed an objection and the time for doing so has now passed. E.D. Tenn. L.R. 54.1. Accordingly, the matter is ripe for determination.

**Standard of Review**

Pursuant to Federal Rule of Civil Procedure 54(d)(1), "[u]nless a federal statute, these rules, or a court order provides otherwise, costs—other than attorney's fees—should be allowed to the prevailing party." Title 28 United States Code section 1920 defines the term "costs" and "enumerates [the] expenses that a federal court may tax as costs under the discretionary authority found in Rule 54(d)." *Crawford Fitting Co. v. J.T. Gibbons, Inc.,* 482 U.S. 437, 441-42 (1987); *see also* 28 U.S.C. § 1920 (2018). That is, the Clerk may only tax costs as permitted by Title 28 United States Code sections 1821 and 1920, or as otherwise provided by law. *See* 28 U.S.C. §§ 1821 and 1920.

1

Although the Court has discretion to deny costs, there is a presumption in favor of awarding costs to the prevailing party. Fed. R. Civ. P. 54(d); *see Freeman v. Blue Ridge Paper Products, Inc.*, 624 Fed. Appx. 934, 938 (6th Cir. 2015) (stating Rule 54(d) "creates a presumption in favor of awarding costs, but allows denial of costs at the discretion of the trial court"). Bills of costs filed in this Court must be prepared in accordance with the Court's *Guidelines on Preparing Bills of Costs*. *See* E.D. Tenn. L.R. 54.1. The Clerk will not tax costs that do not comply with the *Guidelines* or that are not supported with appropriate documentation. E.D. Tenn. L.R. 54.1, *Guidelines* I(A).

### Deposition Transcript Fees

"Costs of printed or electronically recorded transcripts are taxable if (1) the transcripts were necessarily obtained for use in the case and (2) the deposition was reasonably necessary at the time of its taking." E.D. Tenn. L.R. 54.1, *Guidelines* III(D)(1). The Sixth Circuit permits the taxation of costs for both the video deposition and corresponding paper transcripts. *BDT Prods., Inc. v. Lexmark Intern., Inc.*, 405 F.3d 415, 420 (6th Cir. 2005). However, the Court limits the amount recoverable as costs for deposition transcripts and has adopted the Judicial Conference transcript rates as the maximum taxable transcript fees notwithstanding what fee may have been charged to the party by the court reporter. *Id.* at *Guidelines* III(D)(2). The current rates are $4.40 per page for an original transcript and $1.10 per page for a copy, but at the time this bill of costs was submitted, the rates were $4.00 per page for an original transcript and $1.00 per page for a copy.[1] Costs of deposition transcripts that do not set forth the number of pages or rate per page will not be taxed. *Id.* at *Guidelines* III(D)(2)(i). The *Guidelines* further provide that "[e]xtra fees charged by reporters for mileage, per diem, expeditious handling, condensed transcripts, ASCII disks,

---

[1] The Clerk will apply the rates applicable at the time of the depositions were taken. On October 1, 2024, these rates increased. *See* https://www.uscourts.gov/services-forms/federal-court-reporting-program.

postage, deposition exhibits, etc., shall not be taxed, unless advanced authorization was sought and received from the Court." E.D. Tenn. L.R. 54.1, *Guidelines* III(D)(4).

Accordingly, the provisions of the *Guidelines* will be applied to the invoices for the deposition transcripts as follows:

1. <u>Invoice No. 20931</u> [Doc. 64-2, p. 4]. For the original deposition transcript of A.T., $540.00 (135 pages x $4.00) will be taxed as costs. The remaining $67.50 requested will not be taxed because the amount charged per page exceeds the amount allowable under the *Guidelines*. For the original deposition transcript of B.G., $496.00 (124 pages x $4.00) will be taxed as costs. The remaining $62.00 requested will not be taxed because the amount charged per page exceeds the amount allowable under the *Guidelines*. For the original deposition transcript of J.G., $724.00 (181 pages x $4.00) will be taxed as costs. The remaining $90.50 requested will not be taxed because the amount charged per page exceeds the amount allowable under the *Guidelines*. The $400.00 requested for an all-day attendance fee will be taxed as costs as within the amount allowed by the *Guidelines*. E.D Tenn. L.R. 54.1, *Guidelines* III(D)(3). Defendants also requests as costs the $51.90 charged for exhibits for the depositions, although Defendants requested these as costs for "fees and disbursements for printing." [Doc. 64, p. 1]. However, unless advanced authorization was sought and received from the Court, extra fees charged by reporters such as deposition exhibits may not be taxed. E.D. Tenn. L.R. 54.1, *Guidelines* III(D)(4). Accordingly, the $51.90 will not be taxed.

The total amount **TAXED AS COSTS** for deposition transcript fees is $2,160.00.

## Total Allowed Costs

The following costs are hereby taxed against Plaintiff in favor of Defendant, pursuant to Federal Rule Civil Procedure 54(d) and Eastern District of Tennessee Local Rule 54.1:

3

Fees for Transcripts: $2,160.00

**TOTAL ALLOWED COSTS**: $2,160.00

                                            **LEANNA R. WILSON, CLERK**

                                            By: s/ Chris Field

                                                 Chief Deputy Clerk